Jose ORRACA, Plaintiff,

v.

CITY OF NEW YORK, et al., Defendants.

No. 92 Civ. 8273 (DC).

United States District Court, S.D. New York.

Sept. 8, 1995.

Jose Orraca, Attica, NY, plaintiff pro se.

Paul A. Crotty, Corporation Counsel of the City of New York, New York City (Lawrence B. Spielberg, of counsel), for defendants.

## MEMORANDUM DECISION

CHIN, District Judge.

Plaintiff *pro se* Jose Orraca brings this section 1983 action charging two New York City police officers with assault, attempted murder, and conspiracy to commit murder. Defendant Ruggio counterclaims for injuries he allegedly suffered in arresting plaintiff.

Defendants[1] move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 37(d), or alternatively for summary judgment pursuant to Fed.R.Civ.P. 56.

---

1. The complaint is not precise in naming defendants. *Compare* Complaint dated 11/13/92 ("Compl.") at 1 (defendants named in caption are "City of New York, Police Department, 25th precinct. [sic] P.O. Serge Ruggio [and] P.O. Molina—in their individual and official capacities.") *with* Compl. at 3 (defendants listed are "Serge Ruggio" and "NYC Police officer, P.O. Molina 25th Precinct, New York, NY"). Corporation Counsel has appeared for and filed the present motions on behalf of: the City of New York; the New York City Police Department; the 25th Precinct; and police officers Serge Ruggio and Melvin Molina in their individual and official capacities.

For the reasons set forth below, certain of plaintiff's claims are dismissed as a matter of pleading and defendants are granted summary judgment on all remaining claims. Defendant Ruggio's counterclaim is dismissed.

## BACKGROUND

The complaint details two separate and distinct events occurring some four months apart. In the first incident, occurring on January 2, 1992, plaintiff alleges that the individual defendants assaulted and tried to murder him. In the second incident, occurring on May 19, 1992, plaintiff claims that he was the victim of an assault and attempted murder by unidentified individuals acting in conspiracy with the individual defendants. (Compl. at 3).

On January 2, 1992 defendants Molina and Ruggio, police officer Eric Faucett, and an unidentified female officer stopped four men on the corner of East 122nd Street and Lexington Avenue. (See Pl. Statement of Facts Submitted Pro Se ("Pl.Statement") at 5). Plaintiff was not one of those initially stopped, but he apparently interceded on behalf of the others, challenging the authority of the police to conduct this stop and encouraging the detainees not to cooperate with the police. (Id. at 6–7).[2] Plaintiff soon became embroiled in a verbal melee that devolved into violence and resulted in the four initial suspects fleeing. (Id. at 5–7).

According to plaintiff, officer Ruggio yelled racist epithets and beat him with his fists and radio. (Compl. at 7). Ruggio claims that plaintiff resisted arrest so violently that the officer suffered physical injuries, which are the subject of his counterclaim in this action. (Affidavit of Spielberg dated 2/10/95 at 4, n. 1 ("Spielberg Aff.")). During this apparent brawl, defendant Molina was apparently off to the side searching another detainee and then left the scene in pursuit of a fleeing suspect. (Pl.Statement at 7). There is no allegation in the complaint or elsewhere that defendant Molina struck Orraca.

Plaintiff was arrested and, after a jury trial, convicted of resisting arrest and at-tempted assault in the third degree on defendant Ruggio. (See Compl. at 6; Spielberg Aff. at 4–5). The jury was instructed that in order to convict Orraca, it had to find beyond a reasonable doubt that he was the initial aggressor and struck the first blow. (See Exh. K to the Spielberg Aff.).

The second incident allegedly occurred on May 19, 1992, and plaintiff has submitted widely diverging versions of this event. In the complaint, plaintiff alleges that he was standing near the intersection of 123rd St. and Lexington Avenue when he observed a single police officer standing on the "opposite corner." (Compl. at 3). Two unidentified men walked past the officer, crossed the street, approached plaintiff and shot him several times. (Id.). The assailants then ran back across the street and past the same police officer, who "casually walked up to plaintiff" and asked if he was okay. (Id.). The officer then smiled and walked away. (Id.).

Plaintiff's other sworn account of this incident, given at his deposition, is substantially different. He testified that at the time of the shooting he was sitting in his car with friends. (See Tr. dated 4/21/94 at 81–81, attached as Exh. L to Spielberg Aff.). In addition, he claimed his assailants began firing after coming out of a vehicle parked directly across the street from plaintiff, and that they fled in this same vehicle. (Id. at 82, 177–82). Lastly, plaintiff stated that the assailants passed by at least two police officers before and after the shooting. (Id. at 138).

Plaintiff does not allege that the individual defendants were present at his shooting in May 1992. Plaintiff purportedly believes, however, that defendants are nonetheless responsible for this attack, and the alleged basis for this belief is a threat by Ruggio, after the January 1992 incident, that he would shoot Orraca if he ever saw him near that corner again. (Compl. at 6–7).

Defendants now move to dismiss the complaint on the grounds that it fails to state a

---

**2.** Plaintiff has submitted inconsistent versions of his statements that day. (Compare Compl. at 6 ("What wrong did you do to be treated in such a fashion") with Pl.Statement at 6 ("[L]eave them alone" and "[Y]ou have no right to bother these guys.")).

claim against the municipal defendants, and for summary judgment in favor of the remaining, individual defendants on the grounds that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law.[3]

### Discussion

■ The standards for addressing defendants' motions are well-settled. First, a complaint will be dismissed under Fed. R.Civ.P. 12(b)(6) for failure to state a claim only where it appears beyond doubt that plaintiff can prove no facts supporting his claim that entitles him to relief. *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir. 1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). The complaint must be construed in the light most favorable to plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Dacey v. New York County Lawyers' Assoc.,* 423 F.2d 188, 191 (2d Cir.1969), *cert. denied,* 398 U.S. 929, 90 S.Ct. 1819, 26 L.Ed.2d 92 (1970). Furthermore, *pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

■ Second, a court may grant summary judgment only where there is no genuine issue of material fact and the moving party is therefore entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Accordingly, the court's task is not to "weigh the evidence and determine the truth of the matter but [to] determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment is inappropriate if, resolving all ambiguities and drawing all inferences against the moving party, there exists a dispute about a material fact "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248–49, 106 S.Ct. at 2510–11 (*citing Adickes v. S.H. Kress & Co.,* 398 U.S.

144, 159, 90 S.Ct. 1598–1609, 26 L.Ed.2d 142 (1970)); *see Bay v. Times Mirror Magazines, Inc.,* 936 F.2d 112, 116 (2d Cir.1991).

■ To defeat a motion for summary judgment, however, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). There is no issue for trial unless there exists sufficient evidence in the record favoring the party opposing summary judgment to support a jury verdict in that party's favor. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11. As the Court held in *Anderson,* "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. at 2511 (citations omitted).

### 1. Section 1983

Plaintiff brings this action under 42 U.S.C. § 1983 (1994), which states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ... for redress....

Plaintiff alleges that defendants Ruggio and Molina deprived him of his civil rights by assaulting him and attempting to murder him on January 2, 1992, and by conspiring with others to murder him on May 19, 1992. Apparently, plaintiff seeks to hold the remaining defendants vicariously liable for the actions of the individual defendants.

### 2. Capacity To Sue and Be Sued

The New York City Police Department and the 25th Precinct move for dismissal on the ground that neither entity is subject to suit under these circumstances.

---

**3.** Defendants also move pursuant to Fed.R.Civ.P. 37 to dismiss the entire complaint on the grounds that plaintiff has failed to answer certain interrogatories. Because I grant defendants summary judgment and dismiss the complaint on other grounds, I do not reach this prong of the motion.

■ Pursuant to Fed.R.Civ.P. 17(b), the capacity of a governmental entity to sue or be sued is a question of state law. *See Yonkers Commission on Human Rights v. Yonkers,* 654 F.Supp. 544, 551 (S.D.N.Y. 1987).

■ The Police Department is an agency of the City, and it has not been granted the authority to sue or be sued. *See* New York City Charter §§ 431–40. Likewise, the 25th Precinct is a subdivision of the Police Department without the capacity to be sued. *See id.* Therefore, the claims against these defendants are dismissed. *See East Coast Novelty Co. v. New York,* 781 F.Supp. 999, 1010 (S.D.N.Y.1992) (holding that the New York City Police Department and its Property Clerk are not "suable" entities.).

### 3. *Municipal Liability*

The defendant City of New York moves for dismissal on the grounds that: (i) under § 1983 it cannot be held liable for the acts of its police officers on a theory of *respondeat superior;* and (ii) plaintiff has failed to establish any basis for municipal liability under § 1983.

■ In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Court held that a municipality cannot be held liable under § 1983 solely on a theory of *respondeat superior.* However, a municipality may be liable under § 1983 when the deprivation of constitutional rights is the result of action pursuant to an official municipal policy. *Id.* at 690–91, 98 S.Ct. at 2035–36; *see Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

■ Even construing the complaint with the requisite generosity, plaintiff simply does not allege a causal connection between any policy of the City or the Police Department and the alleged violations of his civil rights. To the contrary, plaintiff alleges that Ruggio is a rogue police officer who operated under his own personal code, and "doesn't follow and respect the rules of his office." (Compl. at 8). Accordingly, the claims against the City of New York are dismissed.

### 4. *Individual Liability*

The defendants Ruggio and Molina move to dismiss the complaint against them on several grounds, and alternatively for summary judgment. I need not decide whether plaintiff's complaint is adequately pleaded as to the individual defendants, for they are granted summary judgment on all remaining claims. As there are multiple claims and defendants, I will address the issues separately.

■ Summary judgment is granted with respect to all claims stemming from the May 1992 incident. Plaintiff alleges that he was the target of a conspiracy to murder—a plot hatched by Ruggio and Molina, tactically overseen by at least one other police officer, and unsuccessfully executed by two unknown triggermen. Assuming plaintiff has alleged the requisite details of time, place and effect of the conspiracy, *see Dwares v. New York,* 985 F.2d 94, 100 (2d Cir.1993), he has failed to present any evidence of an agreement between the disparate actors, nor has he offered any concrete evidence to show that either Ruggio or Molina was involved in the purported May 1992 incident. There is no allegation that they knew, or had ever met, the assailants or the police officer at the scene. In sum, plaintiff's entire claim of conspiracy rests on Ruggio's alleged threat more than four months prior to the shooting and plaintiff's speculation that therefore Ruggio and Molina must have been involved in the shooting. Plaintiff's unsupported speculative allegations are insufficient to defeat defendants' motion for summary judgment.[4] *See Anderson,* 477 U.S. at 249–50,

---

**4.** Defendants argue that plaintiff's conspiracy claim should be dismissed by virtue of the egregious inconsistencies in his sworn statements, including: the location of the plaintiff when he was shot; the method and route of escape used by the assailants; and the number of police offi-

106 S.Ct. at 2510–11 ("[I]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (citations omitted).

■ Defendants Molina and Ruggio are also granted summary judgment on the claims based on the January 1992 incident. First, there are no allegations against Molina supporting plaintiff's claims of assault and attempted murder arising from the January 1992 altercation. There is no evidence in the record to suggest that plaintiff was ever struck by Molina. In fact, plaintiff concedes that Molina was not present during most of the alleged assault.[5] (*See* Pl.Statement at 7). Plaintiff has failed to raise any genuine issue of fact with respect to Molina's involvement and hence Molina is entitled to summary judgment.

■ Second, plaintiff is precluded from charging Ruggio with assault and attempted murder arising from the January 1992 altercation. It is well established that a final judgment on the merits of an action precludes a party from relitigating claims that were raised in the first action. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). In September 1992, a state jury convicted Orraca of resisting arrest and attempted assault in the third degree against Ruggio based on the events at East 122nd Street and Lexington Avenue on January 2, 1992. At trial, Orraca raised the defense of justification, *i.e.*, self-defense, which under New York law must be rebutted by the People. The judge instructed the jury that it could only convict Orraca if it found beyond a reasonable doubt that, *inter alia*, "[Orraca] struck, kicked and otherwise hit Police Officer Ruggio about the face and body," and "that [Orraca] was the initial aggressor." (Tr. of Jury Charge at 50, 54, attached as Exh. K to Spielberg Aff.).

Under these circumstances, Orraca's state convictions bar him from now claiming that Ruggio, under color of State authority, violated his constitutional rights by assaulting him and attempting to murder him. *See Lillios v. Justices of the New Hampshire Dist. Ct.*, 735 F.Supp. 43, 44 (D.N.H.1990) (noting that state criminal conviction may preclude a subsequent § 1983 action concerning matters decided at the prior trial); *cf. Turco v. Monroe County Bar Ass'n*, 554 F.2d 515, 519 (2d Cir.), *cert. denied*, 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 95 (1977) (holding that *res judicata* applies when a claim was raised and pursued in an earlier action, as parties "may not have two bites at the cherry"). Accordingly, defendant Ruggio is granted judgment on plaintiff's remaining claims against him.

### 5. Defendant Ruggio's Counterclaim

■ In the amended answer to the complaint, defendant Ruggio asserts a state law battery counterclaim against Orraca. Having dismissed or granted defendants judgment on all of plaintiff's claims, I decline to exercise supplemental jurisdiction over the counterclaim, which arises solely under state law. *See Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir.1989) ("[D]octrine of pendent jurisdiction remains one of sound judicial discretion ... and a court should normally decline to hear pendent claims if it would ... waste judicial resources, or generate needless decisions of state law.") (citations omitted). With no federal claims and apparently no diversity jurisdiction, defendant Ruggio's counterclaim is dismissed for lack of subject matter jurisdiction.

### Conclusion

All claims against defendants the City of New York, the New York City Police Department and the 25th Precinct are hereby

---

cers who witnessed the incident but allegedly failed to act. While I note the incredible nature of plaintiff's story, even assuming all of these allegations to be true, summary judgment should nonetheless be granted.

5. Plaintiff testified at his deposition that while Molina may have been "less" involved, plaintiff had included him in the complaint solely because Molina was partners with Ruggio and plaintiff

did not "want to take a chance" and fail to name a culpable party. (Trans. at 176–77). This form of scattergun pleading without support is inadequate as a matter of law. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987) ("complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights").

dismissed. Defendants Ruggio and Molina are granted summary judgment and all claims against them are also hereby dismissed. The counterclaim against plaintiff is dismissed.

SO ORDERED.