Peter J. MALLEY, Plaintiff–Appellant,

v.

NEW YORK CITY BOARD OF ED-
UCATION; City of New York,
Defendants–Appellees.

No. 1186, Docket 96–9013.

United States Court of Appeals,
Second Circuit.

Argued April 14, 1997.

Decided April 23, 1997.

Peter J. Malley, pro se, Clifton, New Jer-
sey, for Plaintiff–Appellant.

Stuart D. Smith, Assistant Corporation
Counsel, City of New York, New York City,
for Defendants–Appellees.

Before: FEINBERG, WINTER and
PARKER, Circuit Judges.

PER CURIAM:

Peter Malley appeals from Judge Keenan's
order denying relief under Rule 60(b), Fed.
R.Civ.P., from an injunction prohibiting ap-
pellant from filing future complaints in the
Southern District of New York without first
obtaining permission from a judge of that
court. Malley has filed repetitive actions
concerning his discharge as a New York City
school teacher and revocation of his teaching
license. These actions have just as repeti-
tively been dismissed on statute of limitations
and *res judicata* grounds. Malley was
warned after the third such action that fur-
ther such complaints might result in sanc-
tions like the injunction now under review.
Undeterred, Malley filed a fourth such com-
plaint that was dismissed with yet another
warning. Malley then filed the instant mat-
ter, dismissed again for the usual reasons,
but this time the district court imposed the
injunction from which Malley now appeals.

Malley has amply demonstrated that nei-
ther the lack of success of his actions nor the
warnings of the district court will cause him
to cease his abuse of the judicial process.
We therefore affirm the injunction as grant-
ed. *See In re Martin–Trigona*, 737 F.2d
1254, 1261 (2d Cir.1984) (injunction is appro-
priate where plaintiff "abuse[s] the process of
the Courts to harass and annoy others with
meritless, frivolous, vexatious or repetitive
... proceedings" (internal quotation and cita-
tion marks omitted)).

Appellees advise us that Malley has filed
two other actions of the same nature in the
District of New Jersey, although they were
subsequently withdrawn. They also inform
us that Malley, faced with the injunction
issued in the instant case, has now filed yet
another repetitious action, but this time in
the Eastern District of New York. They ask
us to broaden the injunction beyond the
Southern District to all federal courts. We
see no barrier to a broader injunction in light
of the warnings previously issued to Malley
and of his persistence in pursuing the same
meritless claims wherever his papers are ac-
cepted by a clerk of court. *See id.* at 1262
(approving injunction restricting new actions
in all federal courts). However, we believe
that such an order should be considered and

fashioned in the first instance by the district court. We therefore remand the request to broaden the injunction.

Affirmed in part and remanded in part.