**Peter J. MALLEY, Plaintiff–Appellant,**

v.

**CORPORATION COUNSEL OF THE CITY OF NEW YORK, New York City Board of Education, City of New York, Defendants–Appellees.**

No. 00–7843.

United States Court of Appeals, Second Circuit.

May 10, 2001.

Peter J. Malley, Clifton, NJ, pro se.

Jane L. Golden, Assistant Corporation Counsel, New York, NY; Michael D. Hess, Corporation Counsel for the City of New

York, Barry P. Schwartz, Assistant Corporation Counsel, on the brief, for appellees.

Present JACOBS, PARKER and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be AFFIRMED.

Peter J. Malley, pro se and in forma pauperis, appeals from an Order entered in the United States District Court for the Southern District of New York (Hellerstein, J.) sanctioning him pursuant to Fed. R.Civ.P. 11. We affirm the imposition of sanctions in the amount of $1,500, and further order that appellant show cause within 20 days as to why an order should not be entered preventing appellant from filing any future appeals until monetary sanctions in the amount of $1,500 are paid to this Court.

Over the past thirteen years, Malley has filed numerous lawsuits in the Southern District of New York and in other courts of this Circuit, all challenging his 1987 termination as a high school teacher by the New York City Board of Education ("Board"). In 1994, Malley was warned by the Southern District of New York (Griesa, J.) that if he continued to file complaints against the City of New York ("City") and the Board involving the same core allegations, he could be enjoined from filing future cases without prior leave of the court. *See Malley v. Medical Bureau,* No. 94 Civ. 3051 (S.D.N.Y. Apr. 26, 1994). Malley nevertheless filed a subsequent lawsuit in the Southern District of New York related to his termination and was enjoined by Judge Keenan from thereafter filing any more complaints in the Southern District without first obtaining permission from a judge of that court. *See Malley v.*

*New York City Bd. of Educ.,* No. 94 Civ. 7186(JFK), 1995 WL 434322 (S.D.N.Y. July 24, 1995). On remand from this Court, *see Malley v. New York City Bd. of Educ.,* 112 F.3d 69 (2nd Cir.1997), Judge Keenan, in an Order dated September 10, 1997, broadened the injunction to include *all* federal courts, and Malley was instructed to attach a copy of the September 10, 1997 Order to any subsequent pleading filed in a civil action in any federal court. *See Malley v. New York City Bd. of Educ.,* 1997 WL 570501, at *1 (S.D.N.Y. Sept.15, 1997).

In March 2000, Malley initiated an action pro se in the Southern District of New York (Hellerstein, J.) against the City, the Board and the City's corporation counsel, alleging violations of 42 U.S.C. § 1983 and seeking $1 billion in damages. Malley argued that his rights were violated when his prior cases were dismissed and that he deserved to relitigate certain aspects of those cases. Malley failed to obtain permission of a Southern District judge prior to commencing the action, and failed to attach a copy of Judge Keenan's September 10, 1997 Order to his proposed complaint.

By Order dated March 20, 2000 dismissing Malley's complaint with prejudice, the district court (Hellerstein, J.) directed Malley to show cause by affirmation as to why a sanction under Rule 11 of the Federal Rules of Civil Procedure for $1,500 should not be imposed upon him for filing this lawsuit. Although Malley's response to the order to show cause was not sworn or affirmed, the district court considered the substance of Malley's arguments, rejected them as meritless and directed the Clerk of the Court to (i) impose a $1,500 sanction on Malley and (ii) refuse any further submission from Malley until the $1,500 was paid. The district court also certified "should plaintiff seek to appeal

this Order, that any appeal from this Order would not be taken in good faith". *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

■■■ The district court did not abuse its discretion. Rule 11 prohibits the filing of any pleading or motion that is interposed for any improper purpose such as to harass. *See* Fed.R.Civ.P. 11(b)(1); *see, e.g., Zaldivar v. City of Los Angeles,* 780 F.2d 823, 832 (9th Cir.1986) ("Without question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11.") Malley filed his complaint in contemptuous violation of the terms of Judge Keenan's September 10, 1997 Order. A court may order sanctions against a party who files pleadings in contravention of a court order. *See Morley v. Ciba–Geigy Corp.,* 66 F.3d 21, 25 (2d Cir.1995). Moreover, there is adequate support for the district court's finding that Malley's conduct in filing the instant case was vexatious and harassing.

Malley has also filed numerous appeals and mandamus petitions in this Court pertaining to his termination by the Board. This Court has previously warned Malley that his continued filing of frivolous appeals may result in monetary sanctions or a prohibition against future filings in this Court. *See In re Malley,* No. 00–3010, order entered on 3/16/00 (denying mandamus and stating that "Petitioner is hereby warned that future frivolous filings may result in sanctions, which may include monetary sanctions or prohibition from further filings in this Court.").

It is therefore ORDERED that appellant show cause within 20 days why an order should not be entered directing the Clerk of this Court to refuse to accept for filing any further submissions presented by or on behalf of appellant unless and until appellant first pays monetary sanctions to the Clerk of this Court in the amount of $1,500.

For the reasons set forth above, the judgment is hereby AFFIRMED and it is ORDERED that the appellant show cause within 20 days why an order should not be entered directing the Clerk of this Court to refuse to accept for filing any further submissions presented by or on behalf of appellant unless and until appellant first pays monetary sanctions to the Clerk of this Court in the amount of $1,500.