Peter J. MALLEY, Plaintiff,

v.

NEW YORK CITY BOARD OF EDUCATION; City of New York; Corporation Counsel of the City of New York, Defendants.

No. 02 CIV. 4199(VM).

United States District Court, S.D. New York.

June 26, 2002.

Peter J. Malley, Clifton, NJ, plaintiff pro se.

### ORDER

MARRERO, District Judge.

Plaintiff Peter J. Malley ("Malley"), appearing *pro se*, commenced the present action pursuant to 42 U.S.C. § 1983, alleging employment discrimination. He seeks

"damages and pre-judgement interest of at least millions of dollars." (Compl. at ¶ 1.)

BACKGROUND

Malley is a former mathematics teacher who was terminated from his position at a New York City public high school in 1987, over fifteen years ago. He has filed fifteen cases (including the instant action) in this Court which either directly or indirectly address his termination. *See, e.g., Malley v. N.Y. City Bd. of Educ.*, No. 94 Civ. 7186, 1995 WL 434322, at **1–2 (S.D.N.Y. July 24, 1995); *Malley v. N.Y. City Bd. of Educ.*, No. 93 Civ. 2887, 1994 WL 39032 (S.D.N.Y. Feb.9, 1994); *Malley v. Fernandez*, No. 91 Civ. 5635, 1992 WL 204359, at *1 (S.D.N.Y. Aug.10, 1992). In addition, Malley has filed three actions in the Eastern District of New York and in the District of New Jersey which also include claims regarding his termination. *Malley v. N.Y. City Bd. of Educ.*, No. 96 Civ. 5344 (E.D.N.Y. Nov. 29, 1996); *Malley v. N.Y. City Bd. of Educ.*, No. 93 Civ. 5613 (D.N.J. Mar. 15, 1994); *Malley v. Medical Bureau*, No. 93 Civ. 5612 (D.N.J. Apr. 26, 1994).

By Order dated April 26, 1994, the Honorable Thomas P. Griesa, warned Malley that if he continued to file complaints against New York City (the "City") and the City Board of Education (the "Board") regarding his termination, the Court may enjoin him from filing future cases without first obtaining leave of court. *Malley v. Medical Bureau*, No. 94 Civ. 3051 (S.D.N.Y. Apr. 26, 1994) (dismissed *sua sponte*). He was reminded of this warning by Judge Griesa in *Malley v. N.Y. City Bd. of Educ.*, No. 94 Civ. 4557 (S.D.N.Y. Aug.5, 1994). Despite these warnings, Malley filed a new action which resulted in an order by the Honorable John F. Keenan that "[p]laintiff may not file any more complaints in this Court without first obtaining the permission of a Judge of this

Court." *Malley v. N.Y. City Bd. of Educ.*, No. 94 Civ. 7186, 1995 WL 434322, at *3 (S.D.N.Y. July 24, 1995). The United States Court of Appeals for the Second Circuit approved this injunction, saw "no barrier to a broader injunction in light of the warnings previously issued to Malley," and remanded the action to determine if the injunction should be broadened from this Court to all federal district courts. *Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69, 69–70 (2d Cir.1997) (*per curiam*) (this action was required because "Malley has amply demonstrated that neither the lack of success of his actions nor the warnings of the district court will cause him to cease his abuse of the judicial process."). Thereafter, Judge Keenan extended the injunction as follows:

> Plaintiff is hereby prohibited from filing any further complaints in any federal court based on his dismissal by the Board of Education and/or the denial of his application to have his teaching license reinstated without first obtaining leave of a judge of the court in which he seeks to file such complaint. It is further ordered that plaintiff attach a copy of this Order to any pleading filed, or attempted to be filed, in a civil action in any federal court. Failure to comply with this Order may result in the summary dismissal of Plaintiff's lawsuit.

*Malley v. N.Y. City Bd. of Educ.*, No. 94 Civ. 7186, 1997 WL 570501, at *1 (S.D.N.Y. Sept.15, 1997). Malley was admonished for repeated failure to comply with Judge Keenan's September 15, 1997 Order and was eventually sanctioned $1,500.00 under Rule 11 of the Federal Rules of Civil Procedure. *Malley v. Corp. Counsel of the City of N.Y.*, No. 00 Civ. 1617 (S.D.N.Y. Mar. 21, 2000). However, Malley continues to ignore this Court's Order by filing complaints without first obtaining leave of the Court. *See, e.g., Malley v. N.Y. City*

*Bd. of Educ.,* No. 02 Civ. 3575(VM) (S.D.N.Y. May 15, 2002); *Malley v. N.Y. City Bd. of Educ.,* No. 02 Civ. 1482(WK) (S.D.N.Y. Apr. 5, 2002); *Malley v. N.Y. City Bd. of Educ.,* No. 00 Civ. 2947(JFK) (S.D.N.Y. May 24, 2000).

## THE PRESENT ACTION

In this action, Malley attempts to circumvent the Order barring him from filing any action "based on his dismissal by the Board of Education and/or the denial of his application to have his teaching license reinstated in any federal district court without prior leave of court," *Malley v. N.Y. City Bd. of Educ.,* No. 94 Civ. 7186(JFK), 1997 WL 570501, at *1 (S.D.N.Y. Sept.15, 1997), by alleging that defendants violated his civil rights *prior* to his termination. (Compl. at 4.) Malley alleges that permission from this Court before filing this action was not necessary because he is alleging that the discrimination occurred on December 21, 1985, a year prior to his termination. However, the complaint is just another of Malley's thinly veiled attempts to reargue claims pertaining to his "dismissal by the Board of Education and/or the denial of his application to have his teaching license reinstated". *Id.*

■ In any event, even if this action were outside the parameters of this Court's injunction, the action would be dismissed as time-barred under New York law. *See Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (three-year statute of limitations for actions under 42 U.S.C. § 1983 in New York); *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (statute of limitations for § 1983 actions governed by state law); New York Civil Practice Law and Rules ("CPLR") § 214 (McKinney 2000) (three-year statute of limitations for tort actions); CPLR § 213 (McKinney 2000) (six year statute of limitations for contract actions).

While ordinarily the Court would not dismiss a complaint where a defense is waivable, the facts clearly show that Malley's claims are over sixteen years old. The incidents upon which this complaint is based occurred on December 21, 1985. However, plaintiff's complaint was received by the Court's *Pro Se* Office on June 4, 2002. *See Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir.1995) (a defense that appears on the face of the complaint may be the basis for a dismissal under 28 U.S.C. § 1915). Consequently, a dismissal under 28 U.S.C. § 1915 based on the statute of limitations is especially appropriate where, as in this case, the injuries complained of occurred well outside the applicable limitations period for either a civil rights, contract or tort claim. *Id.* at 54; *see also Baker v. Cuomo,* 58 F.3d 814, 818–19 (2d Cir.1995) (a *sua sponte* dismissal is "appropriate if it appears from the face of the complaint that the action is barred ... by the statute of limitations"), *vacated in part on other grounds,* 85 F.3d 919 (2d Cir. 1996).

■ Moreover, in order to sustain a claim for relief under 42 U.S.C. § 1983 against municipal defendants, such as the City and the Board and Corporation Counsel, Malley must show the existence of an officially adopted policy or custom that caused injury and a causal connection between that policy or custom and the deprivation of a constitutional right. *See Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 402–03, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Sarus v. Rotundo,* 831 F.2d 397, 400 (2d Cir.1987). Even when liberally construed, Malley's complaint cannot reasonably be interpreted as alleging facts

sufficient to demonstrate that Malley's injury was caused by any policy or custom of the municipal defendants. Furthermore, if Malley seeks to pursue claims against the agencies of the City, such as the Board or Corporation Counsel, these departments do not have the capacity to be sued. *See Orraca v. City of New York,* 897 F.Supp. 148, 152 (S.D.N.Y.1995); N.Y. City Charter §§ 431–40. Instead, any action against such agencies must be brought against the City of New York. N.Y. City Charter § 396.

## DISCUSSION

■ Malley's disregard of this Court's various Orders cannot be tolerated. Accordingly, his latest action is dismissed. Furthermore, Malley is reminded that "[p]ro se status does not confer the right to make frivolous motions and claims." *Glendora v. Ken,* Nos. 97 Civ. 1131, 98 Civ. 421, 1999 WL 390642, at *5 (E.D.N.Y. Mar.31, 1999). By his own conduct, Malley has demonstrated his refusal or, perhaps inability, to abide by this Court's prior admonitions and injunctions. Thus, " 'the Court must find additional methods to make its message clear to plaintiff.' " *Weinstein v. Hatch,* No. 98 Civ. 8119, 1998 WL 851581, at *1 (S.D.N.Y. Dec.7, 1998) (quoting *Williams v. Revlon, Co.,* 156 F.R.D. 39, 44 (S.D.N.Y.1994)).

Consequently, the Court shall extend Judge Keenan's bar order and hereby prohibit Malley from filing any further complaints in any federal court pertaining to his employment or subsequent termination with the New York City Board of Education. The Clerk of Court is directed to refuse any action filed by Malley in any federal court unless such filing is accompanied by an affirmation, attested under penalty of perjury, setting forth succinctly (1) the facts which gave rise to the action, (2) an attestation that the case does not relate

to his prior employment with or termination by the Board which he has been enjoined from further litigating, (3) a petition for leave to file an action for approval by the assigned Judge, and (4) a copy of this Order and of Judge Keenan's Order of September 15, 1997. This injunction shall apply regardless of whether plaintiff seeks to pay the $150.00 filing fee or to proceed *in forma pauperis* under 28 U.S.C. § 1915.

## SANCTIONS

Rule 11 of the Federal Rules of Civil Procedure provides the minimal threshold requirement for all documents presented to the court, whether offered by counsel or the party, including a *pro se* litigant. *Vasile v. Dean Witter Reynolds, Inc.,* 20 F.Supp.2d 465, 505 (E.D.N.Y.1998) (citing *Jones v. City of Buffalo,* No. 96–CV–0739E(F), 1998 WL 214807, at *3 (W.D.N.Y. Apr.22, 1998); *Jemzura v. Public Serv. Comm'n,* 961 F.Supp. 406, 414–15 (N.D.N.Y.1997); *Williams v. Revlon Co.,* 156 F.R.D. 39, 43–44 (S.D.N.Y.1994)), *aff'd,* 205 F.3d 1327 (2d Cir.2000). The fact that a litigant appears *pro se* does not shield him from Rule 11 sanctions because "one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir.1988) (quoting *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir.1986)). Malley's conduct is vexatious, harassing and frivolous within the meaning of Rule 11. *See Revson v. Cinque & Cinque, P.C.,* 49 F.Supp.2d 686, 687–88 (S.D.N.Y.1999). Thus, imposition of monetary sanctions is appropriate.

## CONCLUSION AND ORDER

For the reasons set forth above, it is hereby

**ORDERED** that this Court's bar order issued on September 15, 1997 in connec-

tion with *Malley v. N.Y. City Bd. of Educ.*, No. 94 Civ. 7186, is extended to prohibit Malley from filing any further complaints in any federal court pertaining to his employment with or subsequent termination by the New York City Board of Education, as well as any other action, unless such filing complies with the provisions of this Order; and Malley is further

**ORDERED TO SHOW CAUSE** by affirmation why monetary sanctions in the amount of $2,000.00 should not be imposed against him pursuant to Rule 11 of the Federal Rules of Civil Procedure. Malley shall submit to this Court, within ten (10) days of the date of this Order, his written affirmation setting forth good cause why this sanction under Rule 11 of the Federal Rules of Civil Procedure should not be imposed upon him by this Court. Should Malley fail to submit his affirmation within the time directed, or should his affirmation fail to set forth good cause to excuse him from this sanction, the $2,000.00 sanction shall be imposed. If the $2,000.00 sanction is imposed, no further filing of any other action by Malley in this Court shall be accepted by the Clerk of Court, until such sanction is properly paid.

The Clerk of Court is directed to close this case.

**SO ORDERED.**