Peter J. MALLEY, Plaintiff–Appellant,

v.

CITY OF NEW YORK, N.Y.C. Law Department, Office of the Corporation Counsel of the City of New York, New York City Board of Education, Defendants–Appellees.

No. 03–7717.

United States Court of Appeals, Second Circuit.

March 2, 2004.

Peter J. Malley, Clifton, NJ, for Appellant, pro se.

Sharyn Michele Rootenberg, The City of New York Law Department, New York, NY, for Appellee New York City Department of Education.

Edward Shin, Corporation Counsel of the City of New York, New York, NY, for Appellees City of New York, N.Y.C. Law Department, and Office of the Corporation Counsel of the City of New York.

Present: KEARSE, CABRANES and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order of May 7, 2003 be and it hereby is **AFFIRMED.**

Plaintiff has conducted a prolonged campaign of litigation in the District Court for the Southern District of New York challenging his 1987 discharge from a teaching position at a New York City public high school and the denial of his subsequent application to renew his teaching license. For a history of this litigation, see *Malley v. New York City Board of Educ.*, 207 F.Supp.2d 256, 257–58 (S.D.N.Y.2002).

Since 1995, Malley has been subject to an injunction that requires him to obtain the permission of the Southern District of New York prior to filing a lawsuit in the Southern District of New York challenging his dismissal or the denial of his application to renew his teaching license. *See Malley v. New York City Board of Educ.*, No. 94 Civ. 7186(JFK), 1995 WL 434322 (S.D.N.Y. Jul. 24, 1995); *see also Malley v. New York City Board of Educ.*, No. 94 Civ. 7186(JFK), 1997 WL 570501 (S.D.N.Y. Sept. 15, 1997) (broadening the injunction to prohibit plaintiff from initiating such suits in any federal court without the permission of the court in which he wished to file). Since the entry of that injunction, plaintiff has filed five further complaints in the Southern District, the first of which resulted in the imposition of sanctions by

both the District Court and, on appeal, our Court. *See Malley v. Corp. Counsel of the City of New York,* 9 Fed.Appx. 58 (2d Cir.2001); *Malley v. Corp. Counsel of the City of New York,* No. 00 Civ. 1617(AKH) (S.D.N.Y. May 4, 2000).

In June 2002, plaintiff filed a complaint apparently designed to evade the strictures of the injunction by alleging discrimination in employment just prior to, rather than associated with, the termination of his employment. *See Malley,* 207 F.Supp.2d at 258. In an order entered on June 29, 2002, the District Court dismissed the complaint as "just another of Malley's thinly veiled attempts to reargue claims pertaining to his 'dismissal by the Board of Education and/or the denial of his application to have his teaching license reinstated.'" *Id.* (quoting the injunction imposed in *Malley,* 1997 WL 570501, at *1). Noting plaintiff's persistent refusal to comply with the earlier injunction, the District Court then broadened the terms of the injunction, prohibiting plaintiff "from filing any further complaints in any federal court pertaining to his employment or subsequent termination with the New York City Board of Education." *Id.* at 259.

Plaintiff did not appeal the District Court's June 29, 2002 order, but instead, filed a motion in the District Court in January 2003 seeking relief from the judgment pursuant to Fed. R. Civ. Proc. 60(b). On March 3, 2003, the District Court entered an order denying the motion as untimely.

Malley similarly declined to appeal the District Court's March 3, 2003 order to our Court, instead filing an additional Rule 60(b) motion in the District Court on April 29, 2003, contending that his earlier Rule 60(b) motion was timely because it was based on fraud or mistake, for which Rule 60(b) imposes a one-year statute of limitations. In a May 7, 2003 order, the District Court denied this second April Rule 60(b) motion, stating that it "constitute[d] a reiteration of the motion the Court previously denied." *Malley v. New York City Board of Educ.,* No. 02 Civ. 4199(VM) (S.D.N.Y. May 7, 2003). Plaintiff appeals only this May 7, 2003 order of the District Court.

We affirm the May 7, 2003 order of the District Court denying plaintiff's second amended Rule 60(b) motion, because, having failed to appeal the initial order of the District Court of June 29, 2002, *Malley,* 207 F.Supp.2d 256, expanding the injunction against him, and having failed to appeal the District Court's subsequent order denying his first Rule 60(b) motion, plaintiff has waived the right to challenge these orders.

We have previously held that a litigant who fails to appeal an initial Rule 60(b) motion and then raises a new Rule 60(b) motion, may be held to have "waived his right" to file the later motion, *see Beller & Keller v. Tyler,* 120 F.3d 21, 23–24 (2d Cir.1997) (citing 12 Moore's Federal Practice § 60.69 ("Because Rule 60(b) rulings that are final are appealable, a party who is aggrieved by any adverse ruling on a Rule 60(b) motion must appeal it or waive any complaints about the ruling.")). Here, plaintiff failed to appeal to this Court both the District Court's June 29, 2002 order modifying the injunction against him *and* the District Court's March 3, 2003 adverse ruling on his initial Rule 60(b) motion. Accordingly, we hold that he has waived his right to challenge the June 29, 2002 order in the District Court by means of an additional Rule 60(b) motion.

In view of plaintiff's well documented history of vexatious litigation, *see Malley,* 207 F.Supp.2d at 257–58, and the frivolous-

ness of this appeal, at oral argument of this matter we ordered plaintiff to show cause by letter to the court why he should not be prohibited from pursuing any further appeals before this Court without first obtaining leave of the Court. *See, e.g., In re Bill Saunders,* No. 02–3097 (2d Cir. Mar. 20, 2003); *Tsimbidaros v. Goettel,* No. 96–6169 (2d Cir. Nov. 12, 1998); *In re Martin–Trigona,* 737 F.2d 1254, 1264 (2d Cir.1984). Because plaintiff has failed to show cause why he should not be subject to such an order, and because existing injunctions and sanctions have not deterred him from initiating frivolous complaints and appeals, we now impose a leave-to-file requirement in the Court of Appeals for the Second Circuit.

ORDERED that the Clerk refuse to accept for filing any further submission signed by the plaintiff unless he first obtains the leave of the Court to file such papers. *See, e.g., In re Bill Saunders,* No. 02–3097 (2d Cir. Mar. 20, 2003); *Tsimbidaros,* No. 96–6169 (2d Cir. Nov. 12, 1998); *In re Martin–Trigona,* 737 F.2d at 1264; *see also In re Martin–Trigona,* 9 F.3d 226 (2d Cir.1993) (upholding the Court's power to impose "leave-to-file" requirements).

The judgment of the District Court is **AFFIRMED.**

It is so **ORDERED.**