Sam FANELLI, Plaintiff,

v.

TOWN OF HARRISON, the Town of Harrison Police Department, Captain Anthony Marraccini, Individually, Police Officer Chris Van Hecke, Individually, and Police Officer Robert Schanil, Individually, Defendants.

No. 98 Civ. 7683 (CM).

United States District Court, S.D. New York.

April 23, 1999.

---

**256**

Kevin J. Kitson, Kitson & Kitson, White Plains, NY, for plaintiff.

Steven J. Harfenist, Friedman & Harfenist, Lake Success, NY, for defendants.

## MEMORANDUM DECISION AND ORDER

McMAHON, District Judge.

I have before me the following motions for disposition:

1. A motion by defendants the Town of Harrison, the Town of Harrison Police Department, and Police Officer Robert Schanil to dismiss the complaint for failure to state a claim against each of them.

2. A cross motion by plaintiff for leave to amend the complaint to cure certain of the defects identified by defendants in their motion to dismiss.

3. A motion by defendant Anthony Marraccini for leave to retain the law firm of Lovett & Gould as his counsel, and for an order directing the Town of Harrison to pay the fees incurred by his counsel, in accordance with Public Officers Law § 18.

Some background is in order.

On October 30, 1997, plaintiff's son and a friend were leafletting parked cars with flyers in support of the Democratic legislative candidates for the Westchester County Legislature. Defendant Anthony Marraccini, Harrison's Chief of Police and the brother of a Republican candidate for the County Legislature, together with two other persons (not named as defendants in this action), began following the boys and removing the offending campaign literature from the cars. Marraccini was off duty at the time and was not in an official Town vehicle, but rather in his own Lincoln.

When young Fanelli realized that he was being followed, he called his father. Plaintiff drove to the scene, sized up what was going on, pulled his car up next to the Lincoln, and asked Marraccini and the others why they were removing the leaflets. That much of the story is undisputed. From there accounts diverge. As I must accept plaintiff Fanelli's account on this motion to dismiss, *see Melendez v. International Serv. Systems, Inc.*, No. 97–CIV–8051, 1999 WL 187071 at *1 (S.D.N.Y. April 6, 1999) ("On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff."), let me continue to describe things as he pleads them.

Without warning, Marraccini emerged from his Lincoln. He jumped through the window of plaintiff's car, grabbed Fanelli's cell phone and attacked the plaintiff. When Fanelli then inched his vehicle forward, Marraccini pulled plaintiff from his car, arrested and Mirandized him. Marraccini also called for back-up, using a hand-held police radio issued to him by the Police Department. Two cars responded. Marraccini ordered defendant Van Hecke, a Harrison police officer who responded to his call, to search Fanelli. Van Hecke did as ordered. Defendant Schanil, his partner, observed the situation. Neither Van Hecke nor Schanil is alleged to have been at the scene when the arrest occurred, or to have seen any of the activity described in the preceding paragraphs. After the search, Marraccini ordered plaintiff not to tell anyone what had happened to him, or

he (Marraccini) would have the District Attorney bring Fanelli up on harassment charges. Fanelli was told to leave the scene, which he did.

The following day, Fanelli filed a civilian complaint against Marraccini and the subordinate officers. An incensed Marraccini then contacted the Gannett newspaper. He asserted that Fanelli's allegations against him were false and politically motivated. Not content with this, Marraccini also brought a lawsuit, ostensibly pursuant to 42 U.S.C. § 1983, against Fanelli and two of his political allies, Patrick Vetere and Bruno Strati. The complaint asserted that the defendants had violated Marraccini's civil rights by conspiring to create the automobile/arrest incident and then to exploit it for political purposes. In that action, Marraccini was represented by the White Plains law firm of Lovett & Gould, who are well known in these parts for the extremely creative uses to which they put § 1983. Marraccini and his attorney also appeared on a local cable television channel and repeated their allegations against Fanelli and his co-defendants.

Marraccini's action was dismissed by this Court on January 8, 1999, because he failed to allege conduct that was attributable to a person acting under color of state law, as is required to maintain a § 1983 claim. See Transcript of January 8, 1999 Hearing, 97 Civ. 8390. When I dismissed Marraccini's case, I thought that would be the end of it—in this court, at least. Unfortunately, Fanelli had already commenced his own federal action, alleging that *his* constitutional rights had been violated based on the above-recited facts. And so it continues. . . .

Presently, the Town, its Police Department and one of the individual defendants, Police Officer Schanil, have moved for dismissal of Fanelli's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). And Marraccini, whose defense has been undertaken by the Town's chosen counsel, Friedman & Harfenist, has moved to have Lovett & Gould represent him—at Town expense.

The motions are disposed of as follows:

1. *The Motion by the Town of Harrison Police Department to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is Granted.*

Plaintiff has sued both the Town of Harrison and its Police Department. Municipalities, like Harrison, are included among those persons to whom § 1983 applies. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, pursuant to Federal Rule of Civil Procedure 17, New York law governs the capacity of a police department to sue or be sued. Fed. R.Civ.P. 17(b); *see also Orraca v. City of New York*, 897 F.Supp. 148, 152 (S.D.N.Y. 1995). Under New York law, departments such as the Town of Harrison Police Department, which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued. *See Baker v. Willett*, 42 F.Supp.2d 192, 197 (N.D.N.Y.1999); *East Coast Novelty Co. v. City of New York*, 781 F.Supp. 999, 1010 (S.D.N.Y.1992); *Loria v. Town of Irondequoit*, 775 F.Supp. 599 (W.D.N.Y.1990). The Town of Harrison is named as a Defendant in this action, and the Town is the real party in interest. *See, e.g., Manning v. County of Westchester*, No. 93–CIV–3366, 1995 WL 12579 at *2 (S.D.N.Y. Jan.5, 1995) (Westchester County Police Department removed as named defendant where the County of Westchester, as the real party in interest, was already a named defendant); *Wilson v. City of New York*, 800 F.Supp. 1098, 1101 (E.D.N.Y.1992) (claim dismissed against New York City Police Department because the City of New York was the proper party in interest). Therefore, the claims against the Harrison Police Department are dismissed with prejudice and without leave to replead.

2. *The Motion by Defendant Schanil to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is Granted.*

The only place where Officer Schanil's name appears in the complaint is in the caption. Not a single factual allegation is lodged against him. Although confronted with this fact in defendants' motion papers, plaintiff's responsive brief never directly addresses this argument, which is the basis of Schanil's motion to dismiss. Plaintiff does assert that the reasonableness of a police officer's actions is normally a matter for a jury to assess, but it is axiomatic that the complaint must contain allegations that the police officer has done something wrong. Here, Schanil is not alleged to have done anything at all except drive up to the scene of an arrest and watch as his partner searched a man at the direction of the Chief of Police. That does not state a claim for relief.

■ If plaintiff had alleged facts tending to show that Schanil had observed the altercation between Marraccini and Fanelli, and was thus in a position to know that Marraccini had no basis to arrest Fanelli, he might be able to make out a claim that Schanil violated the duty of every police officer to intervene when he sees another's civil rights being violated. *See Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir.1994); *O'Neill v. Krzeminski,* 839 F.2d 9, 11–12 (2d Cir.1988). However, the complaint quite clearly alleges that Schanil and his partner drove up *after* the altercation, in response to Marraccini's radio call. (Cplt.¶¶ 16–18.) All Schanil observed was his partner searching Fanelli at the instruction of a superior officer. There is no way that Fanelli can make out a claim against Schanil for failure to intervene on those facts. The proposed amended complaint does nothing to cure this particular deficiency. (*See* Proposed Amended Cplt. ¶¶ 21–23.) Therefore, the claims against Schanil are dismissed with prejudice and without leave to replead.

3. *The Motion by the Town of Harrison to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is Granted, and the Motion to Amend the Complaint to Cure this Particular Defect is Denied.*

■ The Town has made a so-called *Monell* motion on the ground that the complaint does not allege facts from which a trier of fact could conclude that any violation of Fanelli's constitutional rights resulted from a municipal custom or policy. For the Town to be held liable under § 1983, the plaintiff must demonstrate that the defendants' unconstitutional actions were taken pursuant to an official municipal policy, custom or practice. *Monell,* 436 U.S. at 690–91, 98 S.Ct. 2018; *Vann v. City of New York,* 72 F.3d 1040 (2d Cir. 1995). It is well-settled that municipal liability may not be founded solely on a municipality's employment of a tortfeasor. *Monell,* 436 U.S. at 691, 98 S.Ct. 2018; *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993). Rather, "there must be proof of [ ] a custom or policy [of the municipality] in order to permit recovery on claims against individual municipal employees in their official capacities, since such claims are tantamount to claims against the municipality itself." *Dwares,* 985 F.2d at 100. Therefore, I must search the complaint—and the proposed amended complaint as well—to see if either pleading contains the sort of explicit factual allegations required under *Dwares* to hold a municipality liable in circumstances like these. I conclude that neither complaint meets the necessary pleading requirements.

The initial complaint is woefully deficient. It does not allege the existence of any municipal custom or policy. The proposed amended complaint is, frankly, not much better, although it adds three paragraphs in the hope of curing the defects of its predecessor. The new allegations, however, fall short.

The proposed amended complaint first alleges that the removal of the campaign literature "apparently represented a pattern of behavior condoned by the Town in that in previous elections literature supporting the Democratic Party was systematically removed from vehicles. In the incident which forms the basis for this complaint, the Town continued its pattern and policy by allowing Marraccini, a captain of police and a representative of the Town, to appear on television to air bold allegations regarding the Plaintiff." (Proposed Amended Cplt. ¶ 34.) That does not constitute an explicit factual allegation of a municipal custom or policy. Plaintiff does not contend that the Town itself had some official practice of removing Democratic campaign literature from cars or that Town officials personally removed it. He alleges that election literature disappeared during contentious campaigns—as likely happens in virtually every municipality in the United States—and that no one in the Town did anything about it. Even if this is true, it is not sufficient to impose *Monell* liability on the Town of Harrison.

Similarly, there is nothing about plaintiff's second allegation—that Marraccini was "allowed" to appear on television (Proposed Amended Cplt. ¶ 34)—that qualifies as a Town policy or custom. His appearance was a single incident, related to the filing of his lawsuit against Fanelli, which itself was a single incident. The complaint is devoid of any suggestion that police officers in Harrison routinely file actions against arrestees and then publicize them on the local cable channel pursuant to some municipal policy. Single incidents like this one can rarely, if ever, support municipal liability under *Monell*. See *Dwares*, 985 F.2d at 100 ("A single incident alleged in a complaint, especially if it involved only actors below the policy-making level, generally will not suffice to raise an inference of the existence of a custom or policy.").

Plaintiff suggests that Marraccini's position as Chief of Police makes him a policy-

maker, so as to take his behavior out of the *Dwares* single-incident rule. But the pleading contains no allegation of fact from which one could conclude that the Police Chief of Harrison has the authority to make Town policy concerning television appearances by municipal employees. One would not automatically assume that the Police Chief had such authority. And the Town of Harrison might face real First Amendment liability if it adopted a policy of forbidding its employees to appear on television.

Plaintiff alleges that "[t]he Town and the Police Department had knowledge of Marraccini's illegal and improper behavior and have done nothing to restrict him. Said knowledge and lack of control over Marraccini constitutes a policy, pattern and procedure condoned by the Town and the Police Department" (Proposed Amended Cplt. ¶ 44). That allegation also does not give rise to *Monell* liability. Not taking action against a Police Captain who behaved improperly in a particular instance does not constitute a custom or policy. *Dwares* at 100; *see also Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir.1980) ("[A] policy cannot be inferred from the failure of those in charge to discipline a single police officer for a single incident of illegality."). Absent any allegation of supervisory indifference, such as acquiescence in a prior pattern of conduct, a policy cannot ordinarily be inferred from a single incident of illegality such as a single arrest without probable cause or with use of excessive force. *Turpin*, 619 at 202. The complaint is devoid of any contention that Marraccini regularly behaved in this boorish way and that the Town regularly overlooked it.

Finally, plaintiff's boilerplate allegation that the Town failed to train and supervise its police officers (Proposed Amended Cplt. ¶ 43) is insufficient to sustain the action. As the Second Circuit ruled in *Dwares*:

> The mere assertion ... that a municipality has [ ] a custom or policy [of

failing to train] is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference. Similarly, the simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury.

*Dwares* at 100 (citing *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983)). Defendant correctly notes that the allegations in the Proposed Amended Complaint are virtually identical to those rejected as insufficient in *Dwares.* Plaintiffs have pointed to nothing that would allow me to ignore so persuasive a Second Circuit precedent.

Accordingly, the motion for leave to amend the complaint by adding paragraphs 34, 43 and 44 is denied, and the motion to dismiss the complaint against the Town of Harrison is granted.

### 4. *Marraccini's Motion for Substitution of Counsel is Denied.*

■ Finally, Marraccini has cross-moved to disqualify Friedman & Harfenist as his counsel and to substitute Lovett & Gould, as well as for an order pursuant to Public Officers Law § 18 compelling Harrison to pay Lovett's fees. The motion is denied.

First, Public Officers Law § 18 provides for separate counsel for municipal employees in but one circumstance:

> ... whenever the chief legal officer of the public entity or other counsel designated by the public entity determines that a conflict of interest exists, or whenever a court, upon appropriate motion ..., determines that a conflict of interest exists and that the employee is entitled to be represented by counsel of his choice....

Public Officers Law § 18(3)(a).

Here, there is no possibility of making any such finding. The complaint has been dismissed against Harrison and the Police Department. Marraccini and his subordinate, Police Officer Van Hecke, are the only defendants left, and Marraccini has not pointed to any actual or potential conflict between himself and Officer Van Hecke that would require them to be represented by separate counsel. Therefore, the provision of the Public Officers Law on which Marraccini relies is not applicable by its terms.

Public Officers Law § 18(3)(a) further provides that "the chief legal officer or other counsel designated by the public entity *may require, as a condition to payment of the fees and expenses of ... representation, that appropriate groups of ... employees be represented by the same counsel.*" Van Hecke and Marraccini are an "appropriate group of ... employees" for joint representation, as the claims against each arise from the same incident and involve the same defenses. Indeed, Harrison has a strong interest, both legal and financial, in presenting a uniform defense for Marraccini and Van Hecke in this action. Frankly, there could not be a much more compelling scenario for representation by the same counsel.

■ Moreover, even if Marraccini were entitled under Public Officers Law § 18 to have counsel separate from Van Hecke's, Marraccini could not invoke that law to demand that the Town of Harrison retain *Lovett & Gould* on his behalf. Harrison has enacted § 18 only to the limited extent of agreeing to provide a defense and indemnity against punitive damages for employees who were acting within the scope of their authority. However, it has reserved to itself the right to select counsel "in its sole discretion," and it adopted the ordinance "pursuant to and in conformity with Section 18 of the Public Officers Law, except to the extent explicitly stated." (Ex. B to Aff. of Steven J. Harfenist.) Since there is no other reservation of rights in the statute except reservation of the right to select counsel, there is nothing else to which the words "except to the extent indicated" could possibly refer.

Public Officers Law § 18 imposes no obligation on municipalities, but is wholly voluntary. Harrison was free to enact parts of the section and to modify the rights it provides to its employees. *See Coker v. Schenectady,* 200 A.D.2d 250, 613 N.Y.S.2d 746 (3d Dept.1994). Thus, Harrison was free to retain the right to select counsel for its employees, and it chose to adopt that policy.

Harrison asserts that there is nothing about Marraccini's *defense* that permits him to require the Town to pay for defense counsel of his own choosing. I agree. Therefore, if Captain Marraccini wishes Mr. Lovett to represent him on his counterclaims, he will simply have to pay for the privilege.[1]

This constitutes the decision and order of the Court. The parties are directed to comply with the attached Civil Case Management Order. Please note that, pursuant to this Court's Standing Order, all discovery disputes are to be brought to the assigned Magistrate Judge.

---

1. Marraccini argues that there is a conflict because he wishes to refile the State law claims that were originally asserted in his now-dismissed lawsuit as counterclaims in this action. But that does not give rise to any conflict between Marraccini and Van Hecke. It potentially gives rise to a conflict between Friedman & Harfenist and Marraccini, but that is not the sort of conflict contemplated by Public Officers Law § 18.

Marraccini argues that Friedman & Harfenist's failure to file his counterclaims to date is evidence of a conflict that calls for separate counsel pursuant to Public Officers Law § 18. However, when the answer was filed in this action, Marraccini's claims were part of the then-pending case brought by Lovett & Gould on Marraccini's behalf.

I disagree with Harrison's assertion that Marraccini's state law claims are not compulsory counterclaims within the meaning of Federal Rule of Civil Procedure 13(a). They obviously arise out of the same transactions or occurrences as those that underlie Fanelli's complaint. The Town is correct when it notes that this Court could not obtain jurisdiction over the two individuals who were originally sued along with Fanelli, Patrick Vetere and Bruno Strati, but Marraccini could forego his right to sue those two individuals in this Court and still obtain complete relief against Fanelli. The counterclaims are not necessary to the defense of this action, however, and Marraccini has no statutory entitlement to have the Town pay a lawyer to pursue them on his behalf.