**Thomas WARNER, Plaintiff,**

v.

**VILLAGE OF GOSHEN POLICE DEPT., Officer Daniel Henderson, Badge Number 16 and Officer Basil Romondorea, Badge Number 8, individually and as Police Officers for the Village of Goshen Police Department Defendant.**

No. 01 Civ. 9857(CM)(GAY).

United States District Court,
S.D. New York.

April 2, 2003.

Thomas Warner, Philadelphia, PA, Pro se.

George S. Hodges, Boeggeman, George, Hodges & Corde, P.C., White Plains, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

MCMAHON, District Judge.

Plaintiff Thomas Warner, proceeding *pro se*, sues the Village of Goshen Police Department, Officer Daniel Henderson, and Officer Basil Romondorea pursuant to 42 U.S.C. § 1983 ("Section 1983") for violation of his constitutional rights under the Fourth and Fourteenth amendments of the United States Constitution. Plaintiff also brings pendent New York state law claims for intentional infliction of emotional distress, invasion of privacy, and negligence. Defendants move for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on plaintiff's state law claims and on all claims against the Village of Goshen.

For the following reasons, defendants' motion is granted.

### FACTS

The following facts are either undisputed or interpreted most favorably to plaintiff.[1]

Plaintiff Thomas Warner alleges that on June 28, 1999, at approximately 6:25 p.m., he was driving into the parking lot of the Village of Goshen county government center when he was stopped by a police vehicle. (Plaintiff's Cmplt., ¶ 6–8.) The driver of the police vehicle, Officer Basil Komondorea, stopped plaintiff for suspicion of driving while impaired or under the influence of alcohol and/or drugs. (Defendant's Statement of Material Facts, ("Def.SMF"), p. 1; Village of Goshen Communications Log, Ex. A to Defendant's Notice of Motion.) Officer Komondorea was joined at the scene by Officer Daniel Henderson. (Def.SMF, p. 1.) The officers approached plaintiff, requested his driver's license and registration, and asked him to perform a "field sobriety test." (Plaintiff's Cmplt. ¶ 9.)

Plaintiff alleges that the officers requested that he perform the field sobriety test, "without cause or justification," and that he was "repeatedly" asked by Officer Henderson whether he was under the influence of, or in possession of, alcohol or illegal drugs. *Id.* at 11. Plaintiff maintains that he executed the field sobriety test "without any difficulty" and that he "repeatedly and emphatically" answered Officer Henderson's questions in the negative. *Id.* Defendants confirm that plaintiff passed the field sobriety test and that no citations were issued. (Def.SMF, p. 1.)

Plaintiff further alleges that, following the field sobriety test, Officer Henderson searched plaintiff's vehicle without his consent, including the trunk and the glove compartment. *Id.* at 12–14.

Plaintiff claims that the actions of the officer defendants deprived him of his rights under the Fourth and Fourteenth Amendments of the United States Constitution to "be secure in his person, to be free from false arrest, and to be free from

---

1. Pursuant to Local Rule 56.2, defendants provided the plaintiff with a "Notice to Pro Se Litigants Opposing Summary Judgment," which informed plaintiff that he was required to respond to defendants' motion by raising genuine issues of fact, supported by documentary evidence. Plaintiff responded by disputing two facts which are not relevant to this motion.

unreasonable searches and from searches without probable cause." *Id.* at 16. Plaintiff's First Cause of Action seeks redress for these alleged constitutional violations under Section 1983. *Id.* at 17.

In his Second Cause of Action, Plaintiff claims that, as a result of the officer defendants' actions, he suffered "psychological and emotional distress." *Id.* at 19. Plaintiff claims that the unlawful conduct of the officer defendants was caused by the failure of defendant Village of Goshen Police Department to "adequately discipline, train, or otherwise direct police officers concerning the rights of citizens." *Id.* at 20. Plaintiff concludes that the acts and conduct of the defendants constitute "outrageous conduct, invasion of privacy, and negligence under the laws of the state of New York." *Id.* at 21.

### DISCUSSION

### I. Summary Judgment Standard

A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When considering a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has made such a showing, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998). Moreover, not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

### II. Defendants' Motion for Summary Judgment on the State Law Claims is Granted

■ Plaintiff's state law tort claims are governed by New York General Municipal Law § 50–i(1), which provides, in relevant part:

No action ... shall be prosecuted or maintained against a city, county, town, village ... for personal injury ... alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village...unless, (a) a notice of claim shall have been made and served upon the city, county, town, village ... in compliance with section fifty-e of this chapter, ... and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based ....

The provisions of N.Y. Gen. Mun. Law § 50–i apply not only to claims against municipalities, but also to suits against "officer[s], agent[s] or employee[s]" whose conduct caused the alleged injury. *Gonzalez v. City of New York*, 1996 WL 227824, *2 (S.D.N.Y. May 3, 1996), *De Gradi v. Coney Island Medical Group, P.C.*, 172 A.D.2d 582, 583, 568 N.Y.S.2d 412, 413 (2d Dep't 1991); *Norr v. Spiegler*, 72 A.D.2d

20, 22–23, 423 N.Y.S.2d 177, 179 (1st Dep't 1980), *aff'd,* 53 N.Y.2d 661, 438 N.Y.S.2d 1000, 421 N.E.2d 120 (1981).

■■■ N.Y. Gen Mun. Law 50–e, referenced in N.Y. Gen Mun. Law 50(1)(c), requires that a plaintiff must file a notice of claim prior to commencement of an action against a municipality, and must serve the notice of claim within 90 days after the claim arises. The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action. *Fincher v. The County of Westchester,* 979 F.Supp. 989, 1002 (S.D.N.Y.1997). A plaintiff's failure to comply with the mandatory New York statutory notice-of-claim requirements generally results in dismissal of his claims. *Hyde v. Arresting Officer Caputo,* 2001 WL 521699, *4 (E.D.N.Y. May 11, 2001).

Defendants contend that plaintiff never filed a notice of claim in compliance with N.Y. Gen. Mun. Law § 50–e, as required by N.Y. Gen. Mun. Law § 50–i(1)(c). Plaintiff does not dispute this assertion and makes no argument to refute defendants' claim that summary judgment should be granted as to the state law claims for failure to provide proper notice.

■■■ I note that, although federal courts do not have jurisdiction to permit the filing of a late notice of claim, *Jewell v. City of New York,* 1995 WL 86432, *2 (S.D.N.Y. Mar.1, 1995), an appropriate state supreme court or county court may grant leave to serve a late notice of claim. N.Y. Gen. Mun. Law 50–e (5); N.Y. Gen. Mun. Law 50–e (7). However, there is no indication in the record that plaintiff has sought such relief from an appropriate state court, and any effort to do so would be futile. The extension of time granted by the court may not exceed the time limit for commencing the action. N.Y. Gen. Mun. Law 50–e (5); *Sattan v. Eugene,* 1998 WL 903600, *5 (E.D.N.Y., Dec.14, 1998). As

noted above, the applicable statute of limitations period under N.Y. Gen. Mun. Law 50–i(1)(c) is one year and ninety days after the happening of the event on which the claim is based. But plaintiff did not file his action until November 7, 2001, two and a half years after his encounter with the police. Plaintiff would not be granted leave by a state court to address his failure to provide notice of claim because the time to commence his state law claims has expired. In fact, his state law claims were already time barred when he first filed his complaint.

■■■ Defendant raises a statute of limitations argument, and plaintiff responds by noting that the applicable statute of limitations for a federal action brought under Section 1983 is three years. Plaintiff is correct; his Section 1983 claims, based on the same incident as his state law claims, are timely. But the timeliness of plaintiff's Section 1983 claims does not "save" his state law tort claims.

Plaintiff fails to raise a genuine issue of material fact as to why his state law claims should not be dismissed for failure to comply with the notice of claim provision of N.Y. Gen. Mun. Law 50–i(1)(a) and the statute of limitations provision of N.Y. Gen. Mun. Law 50–i(1)(c). I grant defendants' motion for summary judgment on plaintiff's Second Cause of Action.

### III. Defendant's Motion for Summary Judgment of the Section 1983 Claims Against the Village of Goshen Police Department is Granted

■■■ Defendants correctly argue that, under New York Law, administrative arms of a municipality, such as the Village of Goshen Police Department, do not have a legal identity separate and apart from the municipality, and cannot sue or be sued.

*Fanelli v. Town of Harrison,* 46 F.Supp.2d 254, 257 (S.D.N.Y.1999). The Village of Goshen is the real party in interest in this action. Plaintiff has failed to name the Village of Goshen in his complaint. Nonetheless, his suit against the Police Department will be deemed a suit against the Village.

 However, the Section 1983 claim does not survive this motion for summary judgment against the Village of Goshen. For the Village to be held liable under Section 1983, plaintiff must demonstrate that officer defendants' unconstitutional actions were taken pursuant to an official municipal policy, custom or practice. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It is well-settled law that municipal liability may not be founded solely on a municipality's employment of a tortfeasor. *Id.* at 691, 98 S.Ct. 2018. Yet this is exactly the theory under which the plaintiff appears to be proceeding. At his deposition, plaintiff was asked: "Is there anything, other than Officer Henderson's conduct at the scene, that you base your allegation that the Police Department failed to train its police officers?" Plaintiff responded: "Well, no, that allegation is purely based on Officer Henderson's and Officer Komondorea's actions."

Plaintiff has produced no evidence of any kind regarding the official policies or the customs and practices of the Village of Goshen police department. Defendant, however, has produced the affidavit of the Chief of Police for the Village of Goshen, James C. Watt. (Ex. I to Defendants' Notice of Motion.) Chief Watt states that he is responsible for the training and supervision of members of the Village of Goshen Police Department, and that Officers Henderson and Komondorea were trained in accordance with the Village of Goshen Police Department Rules and Regulations Manual, which incorporates the New York State Manual for Police. The relevant portions of these manuals are also provided. (Ex. B to Defendants' Notice of Motion.) Plaintiff does not respond to defendants' evidence by indicating which policy or regulation caused the Officer defendants to behave inappropriately towards him. And he does not contend that defendants were behaving according to an unwritten custom or practice.

As there are no genuine issues of material fact regarding defendant Village of Goshen Police Department's liability under Section 1983, I grant defendants' motion for summary judgment on plaintiff's First Cause of Action as to this defendant.

### CONCLUSION

The parties shall appear for a final pretrial conference in this matter on Friday, May 9, 2003 at 9:30 a.m.

This is the decision and order of the Court.