Joseph G. **AGUILERA,** Plaintiff,

v.

The **COUNTY OF NASSAU** and Nassau County Police Department, Defendants.

No. 05CV4002 (ADS)(ARL).

United States District Court,
E.D. New York.

March 27, 2006.

---

Parker & Waichman by Fred R. Rosenthal, Esq., Great Neck, NY, for Plaintiff.

Lorna B. Goodman, Nassau County Attorney by Deputy County Attorney Sean R. Strockyj, Mineola, NY, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case arises out of claims by Joseph G. Aguilera (the "plaintiff") that the County of Nassau (the "County") and the Nassau County Police Department (collectively, the "defendants") falsely arrested and falsely imprisoned him in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 ("Section 1983"). Presently before the Court is the defendants' motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") to dismiss the complaint for failure to state a claim.

### I. BACKGROUND

The following facts are derived from the complaint and are taken as true for the purpose of this motion. On August 26, 2004, the plaintiff was operating a limousine on the Long Island Expressway in the area of Syosset in Nassau County. At approximately 8:00 p.m., the plaintiff was pulled over by officers of the Nassau County Police Department because he was driving erratically. The plaintiff advised the officers that he did not feel well and that he was unable to control his movements. After advising the officers that he did not feel well, the plaintiff was made to undergo field sobriety tests. The plaintiff

does not indicate the form of tests that were conducted.

According to the plaintiff, the field sobriety tests did not indicate the presence of alcohol. The plaintiff further alleges that, even though the sobriety tests did not indicate that he was intoxicated, he was placed in handcuffs and taken to the Nassau County Police Department headquarters. At headquarters, the plaintiff was handcuffed to a bench for approximately two hours. Also, the plaintiff was made to undergo additional alcohol and drug tests. These additional tests did not indicate that the plaintiff was intoxicated.

At some point during the evening, the plaintiff was taken by ambulance to Winthrop University Hospital for emergency treatment. The attending physician diagnosed the plaintiff as having had a stroke.

On June 23, 2005, the plaintiff commenced this action. The plaintiff asserts at least three causes of action: (1) Section 1983 false arrest; (2) false imprisonment; (3) and negligence. Reading the complaint liberally, the Court notes that the plaintiff may also be attempting to assert a cause of action based on the arresting officer's use of excessive force.

## II. DISCUSSION

### A. Standard of Review

Fed.R.Civ.P. 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim on which relief can be granted." In deciding such a motion, the court must take the allegations of the complaint to be true and "draw all reasonable inferences in favor of the plaintiff." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). In this regard, a complaint will not be dismissed unless " 'it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief.' " *Scutti Enterprises, LLC. v. Park Place Entm't Corp.,* 322 F.3d 211, 214 (2d Cir.2003)

(quoting *Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997)); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999).

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court may not only look to the factual allegations of the complaint, but also to "any written instrument attached to it as an exhibit or any statement or documents incorporated in [the complaint] by reference." *Cortec Indus. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991); *see also Leonard F. v. Israel Discount Bank,* 199 F.3d 99, 107 (2d Cir.1999). In addition, a plaintiff's reliance on a particular document in drafting the complaint allows the court to consider that document in deciding a motion to dismiss. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002).

Section 50–4 of the New York General Municipal Law ("N.Y.Gen.Mun.Law") provides that "[w]herever a notice of claim is filed against a [county, the county] shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made." N.Y. Gen. Mun. Law § 50–h. On March 9, 2005, the plaintiff submitted to a Rule 50–h examination conducted by the County.

In support of its motion to dismiss, the defendants reference certain portions of the plaintiff's Rule 50–h testimony. Initially, the defendants argue that the Court should consider the 50–h transcript as incorporated by reference into the complaint. The defendants annexed to their motion only those portions of the plaintiff's testimony that is referenced in support of the motion to dismiss. In response, the plaintiff submitted the entire transcript of the plaintiff's 50–h testimony. The plaintiff asks that the entire transcript be read in conjunction with the allegations in the

complaint. In reply, the defendants counter that the Court is under no obligation to consider the plaintiff's 50–h testimony in its entirety. Rather, the defendants argue that because the plaintiff failed to fulfill its obligation to "use whatever information he has at his disposal ... to create an acceptable pleading," the Court should only consider those portions of the 50–h transcript that the defendants refer to in their moving papers.

■ The Court notes that the defendants do not dispute the substance of the plaintiff's 50–h testimony. Nevertheless, the Court declines to consider any portion of the testimony in determining this motion. The plaintiff does not incorporate his 50–h testimony by reference in the complaint. Nor has the plaintiff attached the transcript to the complaint, in whole or in part. Finally, there is no reason to believe that the plaintiff relied on the transcript of his own testimony, rather than his independent recollection of the events, in drafting the pleading. Accordingly, in the resolution of this motion, the Court will consider only those allegations contained in the complaint.

## B. As to the Nassau County Police Department

■ The defendants correctly argue that the complaint must be dismissed insofar as it alleges claims against the Nassau County Police Department. Under New York law, the Nassau County Police Department is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued. *See Warner v. Village of Goshen Police Dept.,* 256 F.Supp.2d 171, 176 (S.D.N.Y.2003) (dismissing the complaint against the police department); *Davis v. Lynbrook Police Dept.,* 224 F.Supp.2d 463, 477 (E.D.N.Y.2002) (same); *Hall v. City of White Plains,* 185 F.Supp.2d 293, 303 (S.D.N.Y.2002) (same); *Fanelli v. Town of Harrison,* 46 F.Supp.2d 254, 257 (S.D.N.Y.1999) (same); *Baker v. Willett,* 42 F.Supp.2d 192, 197 (N.D.N.Y. 1999) (same); *Manning v. County of Westchester,* 93–Civ–3366, 1995 WL 12579 at *2 (S.D.N.Y. Jan. 5, 1995) (same); *Wilson v. City of New York,* 800 F.Supp. 1098, 1101 (E.D.N.Y.1992) (same). Therefore, the complaint must be dismissed against the Nassau County Police Department.

## C. As to Municipal Liability for the County

■ The plaintiff has not named the individual officers who effectuated the plaintiff's arrest and detention as defendants in this action. The only remaining defendant is the County. Thus, any liability for the County is necessarily premised on the theory that the County is responsible for the allegedly unconstitutional acts of the individual officers. However, under Section 1983, a municipality cannot be held liable solely on a theory of respondeat superior. *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 694–95, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). In order to state a claim against the municipality, the plaintiff must allege that the constitutional violation was a result of municipal "policy or custom." *See Monell,* 436 U.S. at 694–95, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611. A plaintiff may also state a claim against a municipality by alleging that the purported constitutional violation was the result of the County's failure to train its officers. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989). In *City of Canton,* the Supreme Court established that a plaintiff may proceed against a municipality on a 'failure to train' theory for the constitutional violations of its employee "if the municipality's failure to train the employee 'amounts to deliberate indifference to the rights of persons with whom the police

come into contact,' and is 'closely related' to, or 'the moving force' behind, the constitutional injury." *Smith v. Metro North Commuter R.R.*, No. 98 Civ. 2528, 2000 WL 1449865, at *10 (S.D.N.Y.2000) (quoting *City of Canton*, 489 U.S. at 388–89, 391, 109 S.Ct. 1197); *see also Vann v. City of N.Y.*, 72 F.3d 1040, 1049 (2d Cir.1995).

However, in order to defeat a motion to dismiss for failure to state a claim the plaintiff's complaint must contain specific factual allegations tending to support the inference that the municipality failed to train its employees. Generally, allegations of a single, isolated incident of police misconduct will not suffice. *See City of Canton*, 489 U.S. at 387, 109 S.Ct. 1197; *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) ( "[T]he mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.") (citation omitted); *Neighbour v. Covert*, 68 F.3d 1508, 1512 (2d Cir.1995) ("The mere allegation that the municipality failed to train its employees properly is insufficient to establish a municipal custom or policy."); *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir.1993) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy."); *Sorlucco v. N.Y. City Police Dep't*, 971 F.2d 864, 870 (2d Cir.1992) (A municipality "may not be held liable under § 1983 for the isolated unconstitutional acts of its employees."); *McLaurin v. New Rochelle Police Officers*, 373 F.Supp.2d 385, 401 (S.D.N.Y.2005) ("An allegation that a municipality was 'deliberately indifferent' to the need to train, monitor, or supervise its employees, without alleging any facts beyond the specific instance giving rise to his complaint, generally fails to adequately to plead a custom or policy on the part of the municipality.") (citations omitted); *Peter-*

*son v. Tomaselli*, No. 02 Civ. 6325, 2004 WL 2211651 (S.D.N.Y. Sept. 30, 2004) (dismissing Section 1983 against City when there were no "specific allegations that [the individual defendant] acted pursuant to an official municipal policy or that his superiors' failure to train him caused [the plaintiff's] constitutional deprivations").

■ Here, when viewed in the light most favorable to the plaintiff, the complaint alleges no facts from which it can be inferred, even circumstantially, that a County custom or policy, or the County's failure to train its officers, was the driving force of the plaintiff's alleged constitutional violation. The only factual allegations in the complaint describe the isolated events that occurred on August 26, 2004. The remaining sixty-five paragraphs of the plaintiff's complaint that comprise his Section 1983 cause of action consist of bare, conclusory statements regarding, among other things, the defendants' failure to train, monitor, and supervise their employees, and their acquiescence in the civil rights violations of their officers. Without any basis in fact, these unsupported conclusions of law are insufficient to state a claim against the County. Accordingly, the motion to dismiss the plaintiffs' complaint alleging a Section 1983 cause of action is granted.

### D. Supplemental Jurisdiction

Having dismissed the plaintiff's Section 1983 cause of action, there is no longer any independent basis for federal jurisdiction in this action. Therefore, the Court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the plaintiff's causes of action for false imprisonment and negligence under New York State law are also dismissed.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the defendants' motion to dismiss the complaint for failure to state a claim against the Nassau County Police Department is **GRANTED**; and it is further

**ORDERED**, that the defendants' motion to dismiss the complaint for failure to state a claim against the County of Nassau is **GRANTED**, without prejudice, and with leave to replead. The plaintiff's amended complaint must be filed within thirty days of the date of this Order. The plaintiff is cautioned not to simply repeat the conclusory allegations contained in the complaint. If the plaintiff fails to file an amended complaint within the time allowed curing the deficiencies discussed in this Order, the complaint will be dismissed with prejudice and the case will be closed; and it is further

**ORDERED**, that in the absence of a properly pleaded federal cause of action, the plaintiff's remaining causes of action are dismissed.

**SO ORDERED.**