Stevens v Town of E. Fishkill Police Dept. (2021 NY Slip Op 05602)





Stevens v Town of E. Fishkill Police Dept.


2021 NY Slip Op 05602


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2018-03314
 (Index No. 51405/15)

[*1]Cody Stevens, plaintiff-respondent, 
v
Town of East Fishkill Police Department, et al., appellants, Christy K. Coachman, et al., defendants-respondents.


Drake Loeb PLLC, New Windsor, NY (Steven J. Gaba of counsel), for appellants.
Finkelstein & Partners, LLP, Newburgh, NY (Marie M. DuSault of counsel), for plaintiff-respondent.
Alan B. Brill & Associates, LLP, New City, NY (Charis G. Moore of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Town of East Fishkill Police Department, Town of East Fishkill, Police Officer Alexander Humphreys, and Police Officer Dennis Mullaney appeal from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated February 28, 2018. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Town of East Fishkill Police Department, Town of East Fishkill, Police Officer Alexander Humphreys, and Police Officer Dennis Mullaney which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant Town of East Fishkill Police Department, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs payable by the defendants Town of East Fishkill, Police Officer Alexander Humphreys, and Police Officer Dennis Mullaney to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly sustained personal injuries in a single-vehicle accident which occurred on January 12, 2015, when schools were not in session because of inclement weather. The vehicle was occupied by a group of high school-aged teenagers. Shortly before the accident, the defendants Police Officer Alexander Humphreys and Police Officer Dennis Mullaney stopped the vehicle, and after arresting the driver and one of the passengers for possession of marijuana, released the vehicle to the defendant Kevin C. Tatavitto. Tatavitto had a Class DJ driver license which did not permit him to operate a vehicle with more than one passenger who was under the age of 21 and not a family member (see Vehicle and Traffic Law § 501-b[2][b]). At the time of the accident, Tatavitto was operating the vehicle with two passengers, including the plaintiff, both of whom were under the age of 21. The accident occurred after the vehicle stop, when the vehicle skidded on a patch of slush or ice and hit a tree.
The plaintiff commenced this action against the Town of East Fishkill Police Department, the Town of East Fishkill, Humphreys, and Mullaney (hereinafter collectively the Town defendants), the owner of the vehicle, and Tatavitto. The Town defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion. The Town defendants appeal.
Departments such as the Town of East Fishkill Police Department do not have a legal identity separate and apart from the municipality and thus, cannot independently sue or be sued (see Town Law § 150[1]; Brown v City of New York, 192 AD3d 963, 965; Warner v Village of Goshen Police Dept., 256 F Supp 2d 171, 175-176 [SD NY]; Fanelli v Town of Harrison, 46 F Supp 2d 254, 257 [SD NY]). Accordingly, the Supreme Court should have granted that branch of the Town defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the Town of East Fishkill Police Department.
However, the Supreme Court otherwise properly denied the Town defendants' motion. Even assuming that the Town defendants established that the officers were engaged in a governmental function when they entrusted the vehicle to Tatavitto, they failed to establish, prima facie, that the officers did not owe the plaintiff a special duty (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 430-431; McLean v City of New York, 12 NY3d 194, 200), that the officers' actions were discretionary, meaning conduct involving the exercise of reasoned judgment (see Valdez v City of New York, 18 NY3d 69, 76; Haddock v City of New York, 75 NY2d 478, 484; Santaiti v Town of Ramapo, 162 AD3d 921, 929), or that the plaintiff did not have a viable cause of action sounding in negligent entrustment (see Persaud v City of New York, 267 AD2d 220). Under these circumstances, a special duty has four elements: "'(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative conduct'" (Applewhite v Accuhealth, Inc., 21 NY3d at 430-431, quoting Laratro v City of New York, 8 NY3d 79, 83 [internal quotations marks omitted]). Here, there was direct contact between the officers and the occupants of the vehicle. The Town defendants failed to eliminate triable issues of fact as to whether the officers, through their affirmative acts, assumed an affirmative duty to the plaintiff, whether the officers had reason to believe that releasing the vehicle to Tatavitto would permit him to drive the vehicle in violation of law, which increased the risk of an accident, and whether their conduct "lulled" the plaintiff into a false sense of security and induced him either to relax his own vigilance or forgo other avenues of protection—which was not offered by the officers—and thereby placed him in a worse position than he would have been had the officers never assumed any duty to him (Applewhite v Accuhealth, Inc., 21 NY3d at 431 [internal quotation marks omitted]).
Nor did the Town defendants establish, prima facie, that the officers' actions were not a proximate cause of the plaintiff's injuries, since they failed to eliminate triable issues of fact as to whether the officers' entrustment of the vehicle to Tatavitto under the circumstances presented was a substantial cause of the events which produced the plaintiff's injury (see Hain v Jamison, 28 NY3d 524, 529).
Since the Town defendants failed to demonstrate, prima facie, that the Town, Humphreys, and Mullaney were entitled to judgment as a matter of law, the Supreme Court properly denied those branches of the Town defendants' motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against the Town, Humphreys, and Mullaney regardless of the sufficiency of the papers submitted in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court