**Walter N. IWACHIW, Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Defendant–Cross–Defendant–Appellee,**

**Kemper Auto & Home Insurance Company, Kemper Insurance Companies, Kemper Independence Insurance Company, Lumbermens Mutual Casualty Company, American Motorists Insurance Company, Defendant–Cross–Claimant–Appellees,**

**New York State, New York City Department of Finance, NYC Parking Violations Bureau, New York City Mayors Office on Disabilities, Catherine Stringer, New York City Marshall, Diamond Towing, Inc., Diana Martinez,**

George Pataki, Governor, Michael Bloomberg, Mayor, Martinez 131–10 Auto Corp., S & J Auto Repair, Defendants–Appellees.

Docket Nos. 04–0834–CV, 04–2201–CV.

United States Court of Appeals, Second Circuit.

Argued Jan. 10, 2005.

Decided Jan. 14, 2005.

Walter N. Iwachiw, pro se.

Kristin M. Helmers, Assistant Chief, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees City of New York, NYC Parking Violations Bureau, New York City Department of Finance, New York City Mayor's Office on Disabilities, and Michael Bloomberg, Mayor.

Patrick J. Walsh, Assistant Solicitor General, Office of the Attorney General, New York, NY, for Defendant–Cross–De-

fendant–Appellee New York State Department of Motor Vehicles, and Defendants–Appellees New York State and George Pataki, Governor.

Judah Z. Cohen, Armienti, DeBellis & Whiten, LLP, New York, NY, for Defendant–Cross–Claimant–Appellees Kemper Auto & Home Insurance Company, Kemper Insurance Companies, Kemper Independence Insurance Company, Lumbermens Mutual Casualty Company, and American Motorists Insurance Company.

Before CABRANES and SACK, Circuit Judges, and KORMAN, District Judge.*

PER CURIAM.

Plaintiff Walter N. Iwachiw, acting *pro se*, appeals the dismissal of his complaint and the subsequent entry of an injunction by the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge* ). *See Iwachiw v. N.Y. State DMV*, 299 F.Supp.2d 117 (E.D.N.Y.2004); *Iwachiw v. N.Y. State DMV*, 02–CV–6699, 2004 U.S. Dist. LEXIS 21065 (E.D.N.Y. Feb. 11, 2004).

Plaintiff commenced this action in the United States District Court for the Southern District of New York on September 19, 2002, against the City of New York, New York City Parking Violations Bureau, the New York City Department of Finance, the New York City Mayor's Office on Disabilities, Mayor Michael Bloomberg (collectively, "City Defendants"), New York State, the New York State Department of Motor Vehicles, Governor George Pataki (collectively, "State Defendants"), and various private parties. Plaintiff's complaint alleged that the suspension of his driver's license and registration, the towing of his van, and the subsequent sale of that van by public auction violated "the Constitution, Americans with Disability Act, civil rights, due process, equal protection under the law and voter rights with respect to [New York State] registered voters." *Iwachiw*, 299 F.Supp.2d at 119–20 (internal quotation marks omitted). The case was subsequently transferred to the Eastern District of New York, where plaintiff's complaint was dismissed *sua sponte* for failure to comply with Federal Rules of Civil Procedure 8 and 10. *Id.* at 120. On February 10, 2003, plaintiff filed an amended complaint. State Defendants and City Defendants then moved to dismiss plaintiff's actions against them for failure to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

In a Memorandum of Decision and Order of January 23, 2004, the District Court (1) dismissed plaintiff's claims against State Defendants, because negligence is not a valid basis for liability under 42 U.S.C. § 1983, because New York State and the New York State Department of Motor Vehicles are protected by sovereign immunity, and because no personal involvement by Governor Pataki was alleged, *id.* at 120–21; (2) dismissed plaintiff's claims against City Defendants because plaintiff did not state a valid due process claim and because New York City is not liable for actions of its independent contractors, *id.* at 122–23; (3) dismissed *sua sponte* plaintiff's miscellaneous claims pursuant to Rule 8, since these claims were so " 'confused, ambiguous, vague [and] otherwise unintelligible that [their] true substance, if any, is well disguised,' " *id.* at 123 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (first alteration in original)); (4) declined to take supplemental jurisdiction over plaintiff's negligence claims, or plaintiff's other claims pursuant

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

to New York State and New York City law, *id.* at 124; (5) dismissed *sua sponte* claims against named defendants on whose part the amended complaint alleged no wrongdoing, *id.;* and (6) notified plaintiff that the District Court was "contemplating" an order enjoining him from bringing proceedings and filing papers in the Eastern District of New York without leave of the Court, *id.*

On February 11, 2004, the District Court conducted a hearing and issued an order enjoining plaintiff from (1) bringing any future proceedings in the Eastern District of New York without the Court's prior permission and (2) filing any papers in connection with any other case pending in the Eastern District of New York, unless prior to any such submission: (a) plaintiff files a one-page written application to the Court for permission to file papers in that case; (b) in that one-page written application, he explains why he seeks permission to file such papers; (c) the Court grants his application in a written order; and (d) he submits a copy of the Court's order granting him permission to file papers with the papers he has been allowed to file, unless such papers are in response to those submitted by his adversary. *Iwachiw,* 2004 U.S. Dist. LEXIS 21065.

In his brief on appeal, plaintiff again restates his grievance against alleged "unlawful practices" that resulted in the taking of his vehicle. At no point, however, do his conclusory allegations address the substance of the District Court's Memorandum of Decision and Order that dismissed plaintiff's actions. In addition, plaintiff offers a copy of his brief from an earlier appeal before this Court. The earlier appeal, which also involved plaintiff's allegations of "various statutory and constitutional violations in connection with the towing of his vehicle," was considered by this Court in *Iwachiw v. N.Y. City Dept. of*

*Fin.,* 110 Fed. Appx. 201 (2d Cir. 2004) (summary order). In that case, we not only affirmed the district court's dismissal of plaintiff's allegations, *id.,* but subsequently warned plaintiff that "the filing of frivolous appeals, motions, petitions, or other documents in the future may result in the imposition of monetary sanctions or the requirement that he obtain permission of this Court before making future filings," *Iwachiw v. N.Y. City Dep't of Fin.,* No. 04–0770 (2d Cir. Nov. 2, 2004).

■ In the present appeal, upon due consideration of the record before us, we likewise affirm the District Court's dismissal of plaintiff's complaint, for substantially the reasons stated in the District Court's Memorandum and Order of January 23, 2004. With respect to the District Court's injunction order of February 11, 2004, we are mindful that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC,* 83 F.3d 566, 571 (2d Cir.1996). We have previously set forth several factors to be considered in restricting a litigant's future access to courts:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986).

■ Applying these factors to the instant appeal, we first emphasize the Dis-

trict Court's finding that plaintiff had filed more than fifteen actions in the federal and New York state courts. In deciding one of the related appeals brought by this plaintiff, we have also taken "judicial notice that several of the Appellant's prior appeals were dismissed by this Court for frivolousness, failure to comply with the rules or orders of this Court, or lack of appellate jurisdiction." *Iwachiw v. N.Y. City Dep't of Fin.*, No. 04–0770 (2d Cir. Nov. 2, 2004). It is on that basis that we warned plaintiff against filing future frivolous appeals. *Id.* Furthermore, based upon a review of plaintiff's litigation history—both in this matter and in a prior appeal, which, according to plaintiff, is "so similar that [we should] consider them together," Appellant's Br. at 1—we now find that plaintiff had little, if any, objective good faith expectation of prevailing before the District Court. We also note that plaintiff appeared *pro se* below, while four groups of defendants each incurred the expense of being represented by counsel. The burden of processing plaintiff's litigation has also been shouldered by the Eastern District of New York, where ten actions by plaintiff were pending at the time the District Court issued the injunction. *See Iwachiw v. N.Y. State DMV*, 2004 U.S. Dist. LEXIS 21065, at *1. Finally, we do not find that another sanction would offer defendants and the courts adequate protection. In the meantime, the process by which the District Court may grant plaintiff permission for future filings ensures that plaintiff's ability to pursue meritorious claims is not foreclosed. The District Court's injunction is measured; it does not

extend to filings in other federal district courts or the New York state courts. *Id.* at *2–*3. The District Court's issuance of the injunction order also followed "[t]he unequivocal rule in this circuit ... that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir.1998). For these reasons, we affirm the District Court's injunction order of February 11, 2004.

 We now turn to the question whether the Court of Appeals should sanction plaintiff for filing a frivolous appeal. "Frivolousness is determined ... not in the abstract but in relation to the arguments actually made by the appellant." *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir.1993). In this case, we find plaintiff's arguments to be "groundless, without foundation, and without merit," *In re Drexel Burnham Lambert Group*, 995 F.2d 1138, 1147 (2d Cir.1993) (defining frivolousness in the context of sanctions imposed pursuant to Fed. R.App. P. 38), and therefore find plaintiff's instant appeal to be frivolous.[1] We will not, however, sanction plaintiff at this time, mindful that this appeal was filed before we expressly warned plaintiff against filing frivolous appeals.

Upon due consideration of the record before us, and in light of plaintiff's history of litigation here and in the Eastern District of New York, we again warn plaintiff that if he continues to abuse the judicial process by the instigation of frivolous appeals, an injunction will issue directing the

---

**1.** We recognize that plaintiff is acting *pro se*, and that the Supreme Court has held "allegations of the *pro se* complaint ... to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 596, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court has not, however, "suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), much less excuse frivolous or vexatious filings by *pro se* litigants.

Clerk of this Court to refuse to accept for filing any submissions from him, unless he has first obtained leave of the Court to file such papers. *See, e.g., In re Martin–Trigona,* 9 F.3d 226 (2d Cir.1993). We note that this is the second such warning plaintiff receives from us in the span of several months.

We have considered all of plaintiff's arguments and find them without merit. The judgment of the District Court is hereby AFFIRMED.