Walter N. IWACHIW, Plaintiff–Appellant,

v.

NEW YORK CITY BOARD OF ELECTIONS, New York State Board of Elections, New York City, New York State, Defendants–Appellees.

No. 03–7903.

United States Court of Appeals, Second Circuit.

March 17, 2005.

**28**

Walter N. Iwachiw, Sunnyside, NY, for Plaintiff–Appellant, pro se.

Eliot Spitzer, Attorney General of the State of New York, Patrick J. Walsh, Assistant Solicitor General, New York, NY, Victor Scalzo, New York City Law Department, New York, NY, for Defendants–Appellees.

PRESENT: JON O. NEWMAN, ROSEMARY S. POOLER, Circuit Judges, and CHARLES L. BRIEANT, District Judge.*

SUMMARY ORDER

Plaintiff-appellant Walter Iwachiw appeals from two decisions of the District Court: (1) a memorandum and order, entered August 29, 2002, dismissing for lack of subject matter jurisdiction his claims against the New York State Board of Elections and New York State ("the State Defendants"), and dismissing without prejudice his claims against the New York City Board of Elections and New York City ("the City Defendants"), for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, but permitting him to file an amended complaint against the City Defendants; (2) a memorandum and order entered July 30, 2003, dismissing with prejudice the claims in his amended complaint against the City Defendants for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and issuing an injunction prohibiting him from filing further actions in the federal district courts of New York against the State or City Defendants arising out of his claim that he was denied access as a write-in candidate or voter to the Green Party's September 12, 2000, primary for United States Senator from New York, without prior written permission from the District Court. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

On review of a dismissal for lack of subject matter jurisdiction, we review a district court's findings of fact for clear error and its conclusions of law *de novo*. *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir.2002). Because the Eleventh Amendment clearly removes appellant's claims against the State Defendants from the federal judicial power, dismissal of these claims for lack of subject matter jurisdiction was not in error. *See* U.S. Const. amend. XI; *Quern v. Jordan*, 440 U.S. 332, 340, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir.2004).

We review dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure for abuse of discretion. *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir.1995). Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Pro se* complaints are to be liberally construed, and, unless the initial complaint excludes all doubt as to whether plaintiff can allege facts sufficient to state a claim, we require the district courts to grant leave to replead to satisfy the dictates of Rule 8. *See Haines v. Ker-*

---

* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

*ner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Platsky v. C.I.A.,* 953 F.2d 26, 29 (2d Cir.1991).

■ Here, even under the liberal construction applicable to *pro se* complaints, neither appellant's original complaint nor his amended complaint contained information sufficient to provide "a fair understanding of what the plaintiff is complaining about and ... whether there is a legal basis for recovery." *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991). While appellant references numerous federal statutes, constitutional amendments, federal cases, and state laws, we find it impossible to determine from either of his complaints what harm he purports to have suffered, what acts of which defendants allegedly caused that harm, and what federal rights were allegedly infringed by those acts. Because the District Court granted leave to replead, and appellant still failed to comply with Rule 8, it was not an abuse of discretion to dismiss appellant's amended complaint with prejudice.

District courts have the authority to issue filing injunctions to prevent vexatious litigation. *See Polur v. Raffe,* 912 F.2d 52, 57 (2d Cir.1990), *citing* 28 U.S.C. § 1651(a). Because appellant was provided with notice and the opportunity to respond to appellees' request for a filing injunction, the injunction comported with the requirements of due process. *See Moates v. Barkley,* 147 F.3d 207, 208 (2d Cir.1998).

■ In determining whether to grant a filing injunction, district courts must consider five factors: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has

caused needless expense to other parties or an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Safir v. United States Lines, Inc.,* 792 F.2d 19, 23–24 (2d Cir.1986). Here, appellant has, within the last six years, filed at least thirteen other *pro se* appeals to this Court. None were successful, and several were dismissed for frivolousness, failure to comply with rules or orders of this Court, or lack of appellate jurisdiction. *See Iwachiw v. New York State Dep't of Motor Vehicles,* Nos. 04‑0834, 04–2201, 2005 WL 83849, at *3 (2d Cir. Jan.14, 2005) [hereinafter *Iwachiw v. DMV*]. He "has [therefore] amply demonstrated that neither the lack of success of his actions nor the warnings of the district court will cause him to cease his abuse of the judicial process." *Malley v. New York City Bd. of Educ.,* 112 F.3d 69, 69 (2d Cir.1997). Because the filing injunction is narrowly tailored to enjoin only further suits against the same parties arising out of the same claims, appellant's ability to present meritorious claims is not foreclosed. As we agree with the District Court's balancing of the *Safir* factors, we affirm the injunction.

We have considered all of appellant's requests for relief in his appellate brief, as well as in his motion for an extension of time to file an appellate brief, and find them all to be without merit.

Appellant has been previously warned by this Court that the filing of further frivolous appeals may result in sanctions. *Iwachiw v. DMV,* 396 F.3d 525, 2005 WL 83849, at *3; *Iwachiw v. Department of Fin.,* No. 04–0770 (2d Cir. Nov. 2, 2004). We find appellant's arguments to be "groundless, without foundation, and without merit," and therefore find his appeal to be frivolous. *In re Drexel Burnham Lambert Group,* 995 F.2d 1138, 1147 (2d Cir.

1993). Because appellant filed the instant appeal prior to his first warning from this Court, we decline to impose sanctions at this time, but we reiterate our warning that any future frivolous appeals may result in the imposition of sanctions.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.