10-4728-cv
McMillan v. New York State Board of Elections

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand eleven.

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                  *Circuit Judges.*

_____

JAMES E. MCMILLAN, III,

               *Plaintiff-Appellant*,

        v.                                           10-4728-cv

NEW YORK STATE BOARD OF ELECTIONS,
NEW YORK CITY BOARD OF ELECTIONS,

               *Defendants-Appellees*.

_____

For Appellant:     James E. McMillan, III, *pro se*, Brooklyn, N.Y.

For Appellees:     Claude S. Platton, Assistant Solicitor General; Barbara D. Underwood, Solicitor General; Benjamin N. Gutman, Deputy Solicitor General; Richard O. Jackson, Assistant Solicitor General (of counsel); *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y.

                   Francis F. Caputo & Scott Shorr (of counsel), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

James E. McMillan, III, *pro se*, filed suit against the New York State Board of Elections (the "State Board") and the New York City Board of Elections (the "City Board") under 42 U.S.C. § 1983. The defendants moved to dismiss his complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the State Board's motion to dismiss in its entirety. With respect to claims against the City Board, the district court dismissed the claims in part and treated the City Board's motion to dismiss any remaining claims as a motion for summary judgment, which the court granted. McMillan appeals from the district court's dismissal of his claims and grant of summary judgment against him. We assume the parties' familiarity with the underlying facts and the issues on appeal.

We review a district court's decision to dismiss a complaint or to grant summary judgment *de novo*. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). A complaint must be dismissed under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate" the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller*, 321 F.3d at 300. Additionally, because McMillan appeals *pro se*, we must consider his claims with "special solicitude," interpreting them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).

The district court correctly dismissed McMillan's claims against the State Board as barred by the Eleventh Amendment. *See Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 28 (2d Cir. 2005) (summary order).

McMillan's claims against the City Board arising from the 2006 election are governed and indeed barred by New York's three-year statute of limitations because he filed his complaint in June 2010. *See Shomo v. City of N.Y.*, 579 F.3d 176, 181 (2d Cir. 2009).

Finally, his claims against the City Board arising from the 2009 election fail for the reasons stated by the district court. We note that the City Board sent McMillan notices in August 2009 and in September 2009 informing him that his party's name exceeded the statutory limit and requesting that he provide his preferred shortened version by September 18, 2009. McMillan, however, only responded on October 5, 2009, shortly before the November election.

2

We have considered McMillan's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk