**12-4073(L)**
**Stoner v. Young Concert Artists, Inc.**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand fifteen.

Present:
>        PIERRE N. LEVAL,
>        ROSEMARY S. POOLER,
>        DENNY CHIN,
>              *Circuit Judges*,

_____

MARTIN STONER,

>        *Plaintiff-Appellant,*

>              v.                                    No. 12-4073 (L), 14-506 (Con),
>                                                     14-1572 (Con)

YOUNG CONCERT ARTISTS, INCORPORATED,

>        *Defendant-Appellee.*

_____

For Plaintiff-Appellant:          MARTIN STONER, pro se, New York, NY

For Defendant-Appellee:          MARJORIE N. KAYE, JR., Jackson Lewis P.C., New York, NY

_____

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgments and order of the district court are **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Martin Stoner, proceeding pro se, appeals from judgments of the United States District Court for the Southern District of New York (Preska, *C.J.*), dismissing his complaints, which alleged that Young Concert Artists, Inc. ("YCA") discriminated against him on the basis of his age in violation of the Age Discrimination Act of 1975 ("ADA"), 42 U.S.C. §§ 6101-6107.[1] In *Stoner v. Young Concert Artists, Inc.*, No. 11 Civ. 7279 (LAP), 2012 WL 4471602 (S.D.N.Y. Sept. 26, 2012) ("*Stoner II*"), the district court granted YCA's motion to dismiss for failure to state a claim and denied Stoner's request for sanctions. In *Stoner v. Young Concert Artists, Inc.*, No 13 Civ. 4168 (LAP), 2014 WL 661424 (S.D.N.Y. Feb. 7, 2014) ("*Stoner III*"), the district court again granted YCA's motion to dismiss, denied Stoner's request for sanctions and recusal, and ordered Stoner to show cause why he should not be enjoined from filing further complaints against YCA without court approval. In *Stoner v. Young Concert Artists, Inc.*, No. 14 Civ. 2222 (LAP) (S.D.N.Y. Apr. 4, 2014) ("*Stoner IV*"), the district court, acting sua sponte, dismissed Stoner's newest complaint as duplicative and frivolous and enjoined Stoner from further filings against YCA without permission from the court. We assume the

---

[1]The ADA, which is different than the Age Discrimination in Employment Act of 1967 or the Americans with Disabilities Act of 1990, "prohibit[s] discrimination on the basis of age in programs or activities receiving Federal financial assistance." 42 U.S.C. § 6101; *see also Garcia v. Akwesasne Hous. Auth.*, 268 F.3d 76, 85-86 (2d Cir. 2001).

-2-

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo both sua sponte dismissals and dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014); *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Pro se complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes*, 723 F.3d at 403 (internal quotation marks omitted). To survive dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court erred in dismissing one of Stoner's claims. A plaintiff's complaint in a discrimination suit must "at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (internal alterations and quotation marks omitted).

Stoner alleges that in 2010, at the age of 60, he applied to participate in YCA's 2010 International Competition, which at the time was limited to participants under 26 years of age. After Stoner filed an administrative complaint with the National Endowment for the Arts, YCA permitted Stoner to audition for the competition. Stoner alleges that he "played brilliantly" at the auditions, but that the members of the jury "were aware of his complaints of discrimination" and "displayed a discriminatory animus in their written comments." Specifically, he alleges that "two members of the audition jury . . . wrote at the top of their audition review cards the number sixty

. . . , referring to plaintiff's current age." Case No. 11-cv-7279 Doc. 31, at 1-6. These facts are sufficient to plausibly support the inference that YCA discriminated against Stoner on the basis of his age in violation of the ADA. *See* 42 U.S.C. § 6102 (establishing that "no person . . . shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance").

We note, however, that the ADA *may* permit YCA to exclude Stoner on account of his age. The ADA does not prohibit actions that "reasonably take[] into account age as a factor necessary to the normal operation or the achievement of any statutory objective of such program or activity." 42 U.S.C. § 6103(b)(1)(A). The ADA also does not apply to programs "established under authority of any law" which provides benefits on the basis of age or "establishes criteria for participation in age-related terms or describes intended beneficiaries or target groups in such terms." *Id.* § 6103(b)(2).

An action "reasonably takes into account age as a factor necessary to the normal operation or the achievement of any statutory objective of a program or activity" if:

(a) Age is used as a measure or approximation of one or more other

characteristics; and

(b) The other characteristic(s) must be measured or approximated in order for the

normal operation of the program or activity to continue, or to achieve any

statutory objective of the program or activity; and

(c) The other characteristic(s) can be reasonably measured or approximated by the

use of age; and

-4-

(d) The other characteristic(s) are impractical to measure directly on an individual basis.

45 C.F.R. § 90.14. Guidance issued by the Department of Health, Education, and Welfare (now the Department of Health and Human Services) explicitly contemplated exceptions for youth organizations. It provided an example of a youth organization with an age limitation on membership that supported its objective—"the training, education and character development of youth." 44 Fed. Reg. 33,768, 33,773 (June 12, 1979). The guidance concluded that this hypothetical program was exempt because age was a rough approximation of "the need for training, education, and character building experiences preparing for the assumption of adult responsibility." *Id.*

YCA argued in its motion to dismiss that its "age limitation is used as a measure or approximation of a participant's professional or novice status and/or whether they are truly 'emerging' as an artist." YCA Suppl. App. at 95-96 n.4. The district court did not address this argument or hold a hearing on its factual basis. On remand it would be appropriate for the district court to treat YCA's motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 12(d) and to rule on the questions raised.

The district court properly dismissed Stoner's claims regarding the 2011, 2012, 2013, and 2014 competitions. Stoner failed to plead a claim under the ADA because the complaints indicate that he either did not actually apply to participate in those competitions or refused to comply with the prescribed procedures.

Stoner's constitutional claims—whether brought under 42 U.S.C. § 1983, or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)—fail because YCA

was not a state or federal actor and the complaint asserts only conclusory allegations of conspiracy. *See Sykes*, 723 F.3d at 406 ("A private actor may be liable under § 1983 only if there is a sufficiently 'close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted))); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("A plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority."); *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed . . . ." (internal quotation marks omitted)). Stoner's complaint fails to satisfy the requirements of *Iqbal* because it does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. We affirm the dismissal of the remaining federal, state, and city law claims for the reasons set forth by the district court in its orders.

Stoner also challenges the district court's imposition of a sanction prohibiting him from filing further actions against YCA without leave of the court. And each side demands the imposition of sanctions on the other. First, we affirm the district court's decision to sanction Stoner. The court acted within the scope of its discretion in imposing this sanction on Stoner. *See Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 37 (2d Cir. 1995). The court provided Stoner with the required notice and opportunity to be heard, and properly weighed the five factors discussed in *Iwachiw v. New York State Department of Motor Vehicles*, 396 F.3d 525,

528 (2d Cir. 2005). Since 2010, Stoner has filed four actions against YCA, all involving frivolous claims. *See id.* at 529 ("Frivolousness is determined not in the abstract but in relation to the arguments actually made by the appellant." (internal alterations and quotation marks omitted)). His numerous duplicative complaints, motions, and filings have caused considerable unjustified expense and burden to YCA and the courts. The district court was within its discretion in concluding that the sanction was needed to deter Stoner. *See id.* at 528.

Stoner's application for sanctions against YCA is denied. He has shown no improper conduct on YCA's part.

We deny YCA's request to further sanction Stoner. Although this court has previously dismissed one of Stoner's appeals as frivolous, we have not expressly warned Stoner about the consequences of his abusive filings. Upon due consideration of the record before us, and in light of Stoner's history of litigation here and in the Southern District of New York, we hereby warn Stoner that further abuse of the judicial process by frivolous or duplicative appeals, motions, or other filings may result in sanctions, including orders barring him from filing papers without first obtaining leave or more serious sanctions, possibly including monetary penalties. *See Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989).

We have considered the remainder of Stoner's arguments and find them to be without merit. Accordingly, the judgments of the district court are hereby **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for proceedings not inconsistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK